HARGER & DURST *vs.* EDMONDS & BUTTS.

In an action of covenant, by a landlord, for rent due upon a lease containing a covenant on the part of the lessor, that he will put the demised premises in repair, the plaintiff will not be nonsuited for a failure to prove that the premises were put in repair, before possession was taken under the lease; nor because it appears that one of the defendants never went into possession with the other lessee.

The taking of possession by one of the lessees, is in law a possession by both; and the fact that the premises were out of repair is a matter of defence, to be proved by the defendants.

Such a possession, by one lessee, is a waiver by both lessees, of the condition precedent of putting the premises in repair; and neither can avoid the payment of rent, on the ground that the lessor has failed to put the premises in repair.

The *opinions* of witnesses, as to the amount of damages a party has sustained by the deprivation or withdrawal of water from a tavern, are inadmissible as evidence.

There are but two classes of cases, (exclusive of some exceptions, such as proof of hand-writing, and the like,) in which the *opinions* of witnesses, strictly speaking, are evidence, viz: The cases of persons of science, knowledge, or skill in relation to a particular subject matter, and the case of opinions as to value. *Per* GRIDLEY, J.

In an action of covenant for rent due upon a lease, the defendants cannot *recoupe* for damages sustained by reason of a breach of covenant on the part of the plaintiff, after the commencement of the suit.

Where, upon the trial, a party offers to prove two connected facts, one of which is inadmissible, it is proper for the court to reject the offer, as a whole.

ERROR to the Oneida common pleas.   The action was covenant, brought by the plaintiffs to recover rent due upon a lease.   The suit was commenced before a justice of the peace of Oneida county, who rendered a judgment for the plaintiffs; which judgment was affirmed by the court of common pleas, on appeal.   The questions arising upon the trial, and the facts in the case, are stated in the opinion of the court.   At the close of the testimony the counsel for the defendants requested the court to charge the jury that if they found, from the evidence, that the demised premises were not put in the state of repair by the plaintiffs which the terms of the lease required, and that

---

Harger *v.* Edmonds.

---

Durst, one of the defendants, had neither waived the breach of the covenants, or taken possession of the premises, that no action on the covenant could be maintained against him. And also that in that case, as the action was joint, no recovery in this suit could be had against Harger, the other defendant, although he went into the possession of the premises. But the court declined so to charge, and the defendants excepted,

*D. M. K. Johnson,* for the plaintiffs in error,

*C. Comstock,* for the defendants in error,

*By the Court,* GRIDLEY, J. The action in the court below was covenant for rent, brought on a sealed indenture of lease, executed on the 24th of June, 1846, demising a tavern stand situated at a place near Rome called Newville, for the term of nine months from the 1st of July, 1846, at a stipulated rent. The lease contained the following clause. "And the said parties of the first part agree to put the buildings and premises in suitable repair for the same to be occupied for public entertainment by the said parties of the second part; and also to keep in repair the aqueduct made for the benefit of the said premises; or dig a well on said premises for the accommodation of the same."

I. When the plaintiff rested his case, the defendant moved for a nonsuit, on the ground that there had been no proof that the premises had been put in repair, before occupation was taken under the lease; and that one of the defendants, (Durst,) never did take actual possession of the premises with the other defendant. The nonsuit was refused, and we think rightly. The taking of possession by one of the lessees, was in law a possession by both; and also, in our judgment, the fact that the premises were out of repair, was a matter of defence to be proved by the defendants.

II. A more difficult question arises out of the rejection of certain evidence offered by the defendants—the history of which offers and rejections extends from folio 55 to folio 66, of the

Harger v. Edmonds.

error book. A witness, who was an inn-keeper and lived in another town, testified that he was occasionally at the defendants' tavern, and sometimes the water was running at the penstock, but on *two* occasions he was there when no water was running, and he did not know of any other convenient place to get water there. This witness was asked, in a great variety of forms, how much it was worth to the defendants to have that water, supplied by the aqueduct, by the day, the quarter, and by the year; and what damage the defendants would sustain per day, quarter and year, by being deprived of the water; and the evidence was excluded. There was no evidence showing how long the water had been stopped. It only appears that, except on two occasions, the water was running. Now if the water suddenly stopped, it would be a reasonable construction of the provisions of the lease, that the plaintiffs should have had *notice*—for they had their option to put it in repair on such an occurrence, *or* to dig a well. No evidence of any such notice was given.

Again. The great objection to this species of evidence is that it calls for the *opinion* of the witness upon a question on which the opinions of witnesses are not evidence. The diminution in the annual, quarterly, or daily value of the premises, occasioned by the withdrawal of this water; or, in other words, the amount of the damage of the defendants arising from such withdrawal or *deprivation*, would depend for its just determination, not on any professional skill or knowledge of the witness, but on a vast variety of facts, from which any sensible man could form a judgment as well as a tavern keeper living in another town. The situation of the tavern, the amount of business, or custom, it enjoyed, the kind of customers who frequented it, the distance from a stream, well, spring, or other supply of water, and perhaps the expense of digging a well, would all be material facts on which to found a correct opinion. When these facts should be spread before a jury, with the length of time during which the water was withheld, the jury would be enabled to give a reasonable estimate of the damage. But the evidence does not show that the witness had the requisite

Harger *v.* Edmonds.

knowledge of facts to enable him to form an opinion; and if he had, then he was not entitled to be regarded as an expert, or man of skill, and for that reason entitled to give an *opinion.* The case reported in 5 *Hill,* 603, shows that a man acquainted with the business of raising sunken canal boats, was not allowed to give an opinion as to the damage arising from the sinking of a boat. So in 23 *Wend.* 431, intelligent merchants, well acquainted with the plaintiff and his business, and the business in which he was engaged generally, were held not competent to give an opinion as to the damage of the plaintiff in being deprived of the advantage of his own personal care and oversight. So also in 17 *Wend.* 161, the illegality and inadmissibility of this species of evidence, are illustrated and enforced in a great variety of ways. (*See also* 24 *Wend.* 668, *and* 21 *Id.* 342, *to the same point.*) I am aware of only two classes of cases, (exclusive of some exceptions, such as proof of hand-writing, and the like,) in which the *opinions* of witnesses, strictly speaking, are evidence; 1st. The cases of persons of science, knowledge or skill in relation to a particular subject matter, and 2dly. The case of opinions as to value. The case of the setter dog, (23 *Wend.* 354,) was decided on that ground. But that case went too far; or rather the *opinion* of Chief Justice Nelson, (for that was not necessary to the decision of the cause,) went too far, when it professed to sanction the competency of evidence as to " the value of the services of a person in breaking a setter dog." Judge Bronson, as the case shows, was of the opinion that illegal evidence had been admitted.

The evidence offered in this case in relation to the damage sustained by occasion of the cellar, out-houses and barns, &c. being out of repair, is subject to the same objection. The facts showing the nature and extent of the dilapidations, and perhaps the cost of materials and labor to put the premises in repair, the time during which the same were allowed to be out of repair, the location of the tavern, and the amount of business and custom it enjoyed, were the proper items of evidence to inform the judgment of the jurors upon the extent of the inconvenience and the amount of the damages.

Harger *v.* Edmonds.

III. The offer to show that the water works were not put in repair *after* the commencement of the suit, and were not in repair after the 1st of January, 1847—a time previous to the commencement of the suit—was rejected by the court, for the reason that the defendant could not *recoup* for damages after the suit commenced. Now this decision was right. (13 *Wend.* 530. 1 *Chit. Pl.* 339, *ed. of* 1840. 2 *Cowen's Tr.* 610, 1010.) But it now appears that there was a period of 5 days between the 1st of January, 1847, and the commencement of the suit. This obviously was not adverted to by the court; and we think that when the reason for the decision was given, if any time previous to the commencement was relied on by the defendant, he should have spoken *then.* But it is a sufficient answer to the objection that the offer consisted of a proposition to prove two connected facts, one of which was inadmissible. The court was right in rejecting the offer, as a whole. (*See Cowen & Hill's Notes,* 790.)

IV. In relation to the proposition which the defendants' counsel desired the court to charge as matter of law, we have already expressed our opinion that the view of the court was correct. One of the defendants (whose act is in law the act of both,) waived the condition precedent of putting the premises in repair before entering into possession; and cannot, nor can the other defendant, refuse to pay rent for the reason that the premises were not in repair. The defendants were allowed to recoupe to the extent of the damage arising from this cause; and that was all they were entitled to do.

Such is the result of our opinion on the several points presented in this cause. We are aware that some of the questions rejected by the court below were on the border line which separates competent from incompetent evidence, and might perhaps have been allowed without the infringement of any important principle. And unless the other evidence which was admitted by the court, had appeared to us to give the defendants a full opportunity of presenting their entire claim for damages, or, in other words, if we were not of the opinion that the kind and range of testimony which the court allowed were not fully ade-

---

quate to present the defendant's case to the jury, so as to ensure him a full measure of justice, we should have scrutinized some of the questions more closely than we have done. But we do not see any reason to believe that injustice has been done the defendants.

The judgment must be affirmed.

