Rochester and Syracuse Rail Road Co. agt. Budlong.

---

# SUPREME COURT.

THE ROCHESTER AND SYRACUSE RAIL ROAD COMPANY Respondents agt. BUDLONG Appellant.

Upon the appraisal to fix the compensation for land taken by a Rail Road Company for their road, by commissioners appointed by the court, the rules of law are to govern in the admission and rejection of evidence.

In determining the compensation to be made to the party whose lands are taken, the commissioners are to exercise their own judgment formed upon their view of the premises, in connexion with the testimony of the witnesses before them, and not to the exclusion of it.

Opinions of witnesses qualified to form a proper judgment of the value of the land from which the road is taken as a whole, and how its value will be affected by severing the portion proposed to be taken for the purposes of the corporation, are competent as evidence.

Opinions of witnesses as to how much *damage* or *injury* the party whose lands are taken will sustain, otherwise than by diminishing the value of his property, are incompetent.

Compensation is, making the party a full equivalent in money for the loss he sustains by the appropriation of his property, and includes not only the value of that taken, but the diminution in the value of that from which it is severed also.

Where evidence has been rejected which the party was entitled to give and have considered by the commissioners, and which, had it been received, might have led to a more favorable determination for him, the report and appraisal will be set aside. The presumption is that the testimony, had it been received and considered, would have had its proper weight.

Rochester and Syracuse Rail Road Co. agt. Budlong.

The court will not interfere and set aside the appraisal, on the ground that the compensation awarded is too great or too small, unless the evidence of injustice is palpable on the face of the proceedings as contained in the report.

*Seventh Judicial District General Term, December* 1851. *Present,* WELLES, SELDEN and JOHNSON, *Justices.* This was an appeal from the appraisal and report of the commissioners appointed to ascertain and appraise the compensation to be made to the appellant for his land proposed to be taken by the Rail Road Company, to the general term of the Supreme Court.

The facts will sufficiently appear in the opinion.

T. & O. HASTINGS, *for Appellant.*

T. R. STRONG, *for Respondents.*

By the Court, JOHNSON, Justice.—On the hearing before the commissioners, as appears by their report of the proceedings and evidence now before us, the appellant offered, amongst other things, to prove by competent witnesses how much, in their opinion, his property would be diminished in value by taking from it the piece of land proposed to be taken by the company; taking the situation of the fields, the facilities of water for farming purposes, and the construction of the road as the company proposed to build it, into the account. He also offered to prove by the opinions of witnesses what damages he would sustain by the taking of the land and the construction of the road, in carrying on his farm as he had been accustomed before to use it for the purposes of cultivation and grazing. The commissioners overruled all questions of the latter and several of the former character as incompetent.

In the case of McBurney and Bacon agt. The New York and Erie Rail Road Co. the Supreme Court in this district at the general term in December 1850, held that it was the right of the land owner whose compensation was the subject of appraisal and determination, to produce before the commissioners, and the duty of the commissioners to hear any and all evidence which would be competent by the rules of evidence upon trials in courts of law upon similar questions. And we also held in that case that it was the duty of the commissioners, after viewing the premises and hearing the evidence, to decide from the evidence furnished

Rochester and Syracuse Rail Road Co. agt. Budlong.

by their view as well as from the testimony of the witnesses before them. That they were to exercise their own judgments, founded upon the view in connexion with the other evidence, and not to the exclusion of it.

And we further held in the same case, that opinions of witnesses competent to judge, as to the value of the farm, as land were usually valued and sold in the neighborhood, as a whole, and its relative value after the quantity surveyed and proposed to be taken, should be taken for the use of the company, were proper as evidence, and we ordered a new appraisal for the rejection of such evidence.

It is exceeding difficult to lay down any general rule of evidence by which damages are to be ascertained which will furnish a just and proper standard for every case. The boundary between judgment founded upon knowledge of facts, and that which is based upon speculation and hypothesis merely, is often confused and somewhat difficult to trace. But the opinions of witnesses competent to form a proper judgment in regard to the value of the property for the purposes of selling, or renting, or hiring, and how that value would be affected by the injury complained of, has always been regarded as pertinent evidence. The same rule prevails in regard to real and personal property, although real estate can scarcely be said to have any market value, strictly speaking. It has, however, a known and appreciable value quite as definite and certain and as well understood by those acquainted with real estate in the vicinity, as any commodity vendible in market. The object of an appraisal is to make the owner of the land taken, good, by rendering an equivalent in money for the loss he sustains in the value of his property, by being deprived of a portion of it. This, it is obvious must be the main ingredient in the compensation which the commissioners are to determine. Compensation includes not only the value of the portion taken, but the diminution of the value of that from which it is severed also. And this may always be proved by the opinions of competent witnesses.

On the other hand, the opinions of witnesses, however well informed as to how much a party seeking redress will be injured or damnified in other respects, independent of this diminution of

Rochester and Syracuse Rail Road Co. agt. Budlong.

value, have been pretty uniformly rejected. In such cases it is obvious that opinions would be merely matter of speculation, upon which no two would be likely to agree, having no common and universally recognized standard to appeal to.

In all such cases, the facts and circumstances must be laid before the tribunal called upon to determine, and they must draw the inference.

In this view of the proper mode of proceeding, the appellant has been deprived of some evidence that he was fairly entitled to, while much that was offered was very properly rejected.

In cases of this kind, where the persons who are to pass upon the question of compensation are authorized to exercise their own judgment, formed after a deliberate examination of the subject of appraisal personally, and are therefore qualified to correct any exaggerated estimate testified to by witnesses; it can not be necessary to go beyond the rules of law in excluding evidence, or even to insist upon the most exact and rigid strictness. Though the general rules of evidence, fairly interpreted, should undoubtedly be adhered to in the admission and rejection of testimony offered.

We do not undertake to pass upon the amount of compensation awarded by the commissioners, whether it is too great or too small. Nor should we feel at liberty to interfere with the report upon that ground, unless the evidence of injustice was palpable upon its face. It is sufficient that the appellant was deprived of evidence that he was entitled to have considered, the judgment of intelligent and competent witnesses, to call upon the court to set the appraisal aside. Whether the evidence offered and rejected improperly, would have influenced the decision had it been received and weighed, it is not necessary to decide. We are to presume, however, that it would have received its proper attention, and had its due weight in the decision.

It is enough that the appellant was entitled to it, and that it might, had it been received and considered, led to a more favorable determination in his favor. The report and appraisal must, therefore, be set aside, and a new appraisal ordered before new commissioners.