## BUCK *vs.* WATERBURY and JORDAN

This court will not reverse the judgment of a justice of the peace, in a case where no one appeared for the defendant, for the error of the justice in permitting an improper answer to be given by a witness; if there is enough testimony besides, free from all objection, to sustain the judgment.

THIS was an appeal from a judgment of the Saratoga county court. The plaintiff sued the defendants in a justice's court. The summons was returned by the constable personally served on the defendant Waterbury. There was no return as to Jordan, the other defendant. The complaint contained three counts; one for work, labor and services, demanding $90 as the balance due; and the others for the breach by the defendants of a contract between the parties, in dismissing the plaintiff and his infant children from the employment of the defendants, in their woolen factory, before the expiration of the time for which they

were employed; for which ten dollars was claimed as the damages. The allegations of the complaint were substantially proved, and the justice gave judgment for the plaintiff for $100 damages, and the costs. On appeal by the defendants, the county court reversed the judgment, and the plaintiff appealed to this court.

*H. W. Merrill* for the appellant.

*J. W. Culver*, for the respondents.

*By the Court,* WILLARD, P. J. As neither of the defendants appeared, and the justice tried the cause ex parte, the defendants are entitled to raise the same objection as to jurisdiction as if the point had been raised in the court below. The revised statutes, (*2d vol.* § 122,) settle this question against the objection. That section is in these words : " If process shall have issued against two or more persons jointly indebted, and shall have been personally served upon either of the defendants, the defendant who may have been served with process, shall answer to the plaintiff ; and the judgment in such case, if rendered in favor of the plaintiff, shall be against all the defendants, in the same manner as if all had been served with process ; but executions shall issue only in the manner hereafter directed." The county court reversed the judgment of the justice because the plaintiff's daughter, in the course of her evidence, said " It was one dollar a week damage to father when I was out of employ ;" and because the plaintiff's son, in the course of his evidence, said, " It was ten dollars damage to father on account of their discharging me before the eight or nine months expired." I agree with the county judge that both those answers were improperly given, as containing the mere opinion of the witnesses on the question of damages. The case was not one falling within the exceptions to the rule, which excludes the opinion of the witness. (4 *Barb.* 256, 261. 7 *Id.* 314, 74. 2 *Comst.* 514. 4 *Denio,* 370.) There is no dispute about the rule, or the exceptions to it, though the application of it is not always free from embarrassment.

If the answers of the witnesses be stricken out, and nothing left in the return but the evidence of fact, the testimony is abundant to sustain the judgment of the justice. The cause was tried by him without a jury ; and is it right to reverse a judgment given in conformity to the justice of the case, and the very right of the matter, because an improper question was put and answered, or because improper evidence was given by the witness when not called for by the party ? It is well settled that no bill of exceptions can be taken to the decision of a justice ; nor can there be a demurrer to evidence, or a special verdict in that court. (3 *Caines,* 140. 13 *John.* 249.) The practice has always been for the appellate court to review justices' judgments with great liberality, and the statute expressly requires that it shall give judgment, as the right of the matter may appear, without regarding technical omissions, imperfections or defects in the proceedings before the justice, which did not *affect the merits.* (2 *R. S.* 257, § 181.) In *Doolittle* v. *Eddy,* (7 *Barb.* 74,) a question had been asked before the justice, calling for an opinion of the witness as to the amount of the party's damages, and had been permitted to be answered. But as the witness only stated facts in his answer, and gave no opinion, this court refused for that reason to reverse the judgment. (*See* 9 *Barb.* 678, *per Selden, J.*) Mr. J. Hand, who delivered the opinion of the court, very properly remarked, that error will not lie for an erroneous decision, when no harm was done by it. This court acts upon that principle in reversing the decisions of referees, and the circuit court, upon a case. It does not grant a new trial unless there be strong probable grounds to believe that the merits have not been fully and fairly tried, and that injustice has been done. (*Crary* v. *Sprague,* 12 *Wend.* 41. *Benjamin* v. *Smith, Id.* 404. *Hayden* v. *Palmer,* 2 *Hill,* 205. *Willoughby* v. *Comstock,* 3 *Id.* 389.) The same principle was applied even in a case of murder, in *Shorter* v. *The People,* (2 *Comst.* 193,) where the case was presented on a bill of exceptions. This rule always prevailed in the court of chancery. If improper evidence was received by the vice chancellor, his decree was never reversed for that cause, if after disregarding

the exceptionable evidence, enough remained to sustain it. The supreme court, in the 5th district, applied the same principle on the review of the decisions of justices of the peace; thus adopting the same rule that governs on an application to set aside a verdict or report of referees in this court, upon a case. (*Bort* v. *Smith,* 5 *Barb.* 283.) We adopted the same rule in *Spencer* v. *The Saratoga and Whitehall Railroad Co.* at the last January term.(*a*)

Upon these grounds, I am of opinion that the judgment of the county court should be reversed, and that of the justice affirmed.

Judgment accordingly.

[Warren General Term, May 3, 1852. *Willard, Hand, Cady* and *C. L. Allen,* Justices.]

(*a*) 12 *Barb.* 382.