## Cook *vs.* Brockway.

Witnesses are to state facts, and not opinions; except in those cases where experts are permitted to state their opinions.

Accordingly, where in an action to recover damages for wheat lost and wasted by the defendant, while threshing the same for the plaintiff, with a machine, in consequence of the work not being properly done, a witness had testified that he had examined the chaff and straw, and found wheat among them; *it was held,* that he could not be asked how much wheat was wasted by the defendant in threshing 648 bushels of wheat, on the ground that it was a mere matter of opinion.

APPEAL by the plaintiff from the judgment of a county court.

*Woods & Murray,* for the appellant.

*Talcott & Thompson,* for the respondent.

*By the Court,* MARVIN, J.   The defendant threshed the plaintiff's wheat with a machine, and the plaintiff complained that the work was not well done ; that wheat was wasted and lost by passing away in the chaff and straw.   A witness testified that he examined the chaff and straw and found wheat among them, some 28 or 30 kernels in a handful of chaff, &c. He was asked how much wheat was wasted by the defendant in threshing 648 bushels of wheat, according to the defendant's tally of the plaintiff's wheat ?   This question was objected to by the defendant, upon the ground of its being mere matter of opinion.   The objection was overruled, and the witness testified, that by the appearance, to take it all through, there must have been 25 or 30 bushels.   Another witness gave his opinion that there was 30 or 40 bushels.   The jury rendered a verdict for the plaintiff for $40, upon which the justice gave judgment. Upon appeal to the county court the judgment was reversed, and in my opinion, correctly.

Witnesses are to state facts, not opinions, except in those cases where experts are permitted to state opinions.   There was nothing in this case to take it out of the general rule.   The

---

Cook *v.* Brockway.

---

witnesses should have stated the facts, and the jury should have exercised their judgment, and pronounced the damages. It was their province to say how much wheat had been wasted. The principle that witnessess shall not invade the province of the jury is an important one, and there is great danger in departing from it. If the opinions of witnesses are to be substituted for the judgment of the jury, upon the evidence, parties will be able, by selecting their witnesses, and by talking and reasoning with them, &c., to control the amount of the verdict. Matters of opinion upon questions of damages are very uncertain; and whether the witness is honest in the opinion he gives is an issue that can rarely be decided. He may be corrupt and yet beyond the reach of punishment. If he swears to facts corruptly he may be punished; and generally the party against whom he testifies will have it in his power to give evidence upon the question, and protect himself upon the trial. But without pursuing the subject, the rule is well settled, and it should be adhered to in its true spirit. It was violated on the trial of this cause, and the county court properly reversed the judgment. (*See Morehouse* v. *Mathews,* 2. *Com.* 514; *Norman* v. *Wells,* 17 *Wend.* 136, 161 *to* 164, *where the question is fully considered by Judge Cowen; Paige* v. *Hazard,* 5 *Hill* 603; *Merritt* v. *Seaman,* 2 *Seld.* 168.)

The judgment should be affirmed.

[ERIE GENERAL TERM, January 14, 1856. *Bowen, Mullett* and *Marvin,* Justices.]