## Nellis *vs.* McCarn.

A justice of the peace has a right, on the return of a summons, to adjourn a cause on his own motion to a time not exceeding eight days, unless the parties shall agree on a longer time.

If the justice makes an erroneous decision, as to an adjournment, the consent of parties, to an adjournment, will cure all error.

Where the plaintiff swears that he cannot safely proceed to trial, on account of not having his witnesses ready, on the return day, he is entitled to an adjournment.

It is a fair conclusion, from such a statement, that the plaintiff cannot safely proceed to the trial of the cause for the want of material testimony, and the statement is sufficient; although the plaintiff does not swear, in terms, that the absent witnesses are material.

Although, as a general rule, opinions of witnesses are to be excluded, except upon questions of science and skill as to which they have been specially instructed or educated, yet witnesses may give their opinion upon questions of *value*, and as to the amount of *damages* a party has sustained; where the damage consists in an injury to, or destruction of, property.

THIS was an appeal from a judgment of the county court of Montgomery county, affirming a judgment rendered by a justice of the peace.

*A. H. Ayres*, for the appellant.

*J. Genter*, for the respondent.

*By the Court*, BOCKES, J. The action was trespass, for an injury to the plaintiff's oats. Various defenses were interposed: 1st. A general denial. 2d. Pending suit. 3d. Accord and satisfaction. The plaintiff replied, according to the justice's return, as follows: "The complainant demurs. Answers that the defendant's plea is untrue." The return also states that the defendant moved to strike out the plaintiff's pleading, on the ground that it was not sufficiently definite and certain, to enable a man of common understanding to understand it. Thereupon the plaintiff moved for an adjournment, and being sworn, he testified that he could not safely proceed to trial on account of the absence of witnesses. The

justice held that the plaintiff was entitled to an adjournment. But decided to adjourn, on his own motion, to a day not less than six nor more than eight days, unless the parties should agree upon a longer time. Thereupon the parties agreed upon a time to which the cause was adjourned with their consent. On the adjourned day the plaintiff appeared and answered. The defendant, although present, declined to appear in the action. The trial proceeded; one witness was sworn, who testified as follows: "I have seen defendant's heifer on the premises of the plaintiff, July 26, 1858, in the lot south of the turnpike in the oats, in the town of Palatine. There were four other head of cattle in with the heifer, in all five head; they trod down considerable and destroyed about one bushel of oats. I think the damage done would be about twenty cents a head." On this testimony the justice rendered judgment against the defendant for twenty cents damages and costs of suit, which was affirmed by the county court on appeal.

I. It does not appear what disposition was made of the plaintiff's demurrer to the defendant's answer. Nor is it of any importance whatever, inasmuch as a general denial was interposed by way of reply, which superseded the demurrer. The demurrer is therefore out of the case.

II. Nor does it appear how the motion to strike out the plaintiff's pleading was decided. It will not be presumed to have been erroneously determined; rather will it be intended that the motion was abandoned or waived. It is a very familiar rule that a judgment will not be reversed for error unless the error be made distinctly to appear. All intendments are in favor of the judgment. Besides, the motion should have been to make the pleading more specific, not to strike out. The record discloses no error in this regard.

III. The return is distinct, that the adjournment was by the agreement and consent of parties. No matter what decision the justice made as to the adjournment; such consent cured all error. But I am unable to discover any error in

his decisions. The justice determined to adjourn the case on his own motion to a time not exceeding eight days, unless the parties should agree on a longer time. This he had a right to do. A justice may, at the time of the return of a summons, in his discretion and without the consent of parties, adjourn a cause not exceeding eight days. (2 *R. S.* § 67; 3 *id.* 436, § 67, *5th ed.*) He also decided that the plaintiff was *entitled* to an adjournment, on the proof. The plaintiff testified that he could not safely proceed to trial on account of not having his witnesses ready on that day. On this proof the plaintiff was entitled to an adjournment. The justice correctly so held. The statute is, that the justice shall, at the time of the return of a summons, on the application of the plaintiff, adjourn the cause, &c. in case the plaintiff make oath that he cannot, for the want of some material testimony or witness, safely proceed to trial. (2 *R. S.* 238, § 69; 3 *id.* 437, § 59, *5th ed.*) The point is urged that the plaintiff did not swear that the absent witnesses were material. This must be implied from the plaintiff's language. It lay with the justice to put a fair meaning on his statement. It was not necessary that he should swear in the precise words of the statute. His statement plainly imported all the statute required, to entitle him to an adjournment. Besides, the defendant was present and could have further interrogated him if he had so desired, or if any doubt existed as to the fairness of the application or the import of his language. Nor does it appear that any specific objection was made on that point. The objection was general, that he had not made out a case for an adjournment. If the objection rested on that particular, it should have been pointed out. But I think it was a fair conclusion from the plaintiff's statement, that he could not safely proceed to the trial of the cause for the want of material testimony. This was all the statute required the plaintiff to state, to entitle him to an adjournment.

IV. It is objected that the witness was permitted to give

his opinion as to the damage. The witness said, "I think the damage done would be worth twenty cents a head." In the amended return the justice states that this question was put to the witness, in substance, thus: State, if you can, the amount of damage done by each head of cattle. And the witness thereupon answered, twenty cents each.

As a general rule, opinions of witnesses are to be excluded, except upon questions of science and skill as to which they have been specially instructed or educated. But witnesses may also give their opinion upon questions of value; for instance, as to the value of a horse, a cow—and so of almost every kind of property. And on the same principle, opinions are competent as to the amount of damage, when it consists in an injury to or destruction of property. This question is discussed by Judge Selden, in *De Witt* v. *Barly*, (17 *N. Y. Rep.* 340,) with marked clearness and ability. The authorities are there collated and numerous illustrations given, showing in what cases opinions of witnesses are admissible. The learned judge then comments on the case of *Morehouse* v. *Mathews*, (2 *Comst.* 514.) The action in that case was brought to recover damages for feeding the plaintiff's cattle with bad hay. In that case it was held improper to put a question in this form: "How much, in your opinion, was the damage sustained by plaintiff in consequence of feeding the cattle the poor hay instead of that agreed upon?" But Judge Selden says: "Had the question been, what was the damage or injury to the cattle in consequence, &c., it would have been unobjectionable." (17 *N. Y. Rep.* 345.) If this question would have been unobjectionable in that case, certainly the one put in this must be equally so. Opinions of witnesses are received from necessity, and are generally allowable where it is impossible or very difficult, from the paucity or inadequacy of language, to give a perfect description. So it is common, and in my judgment competent, to admit opinions of witnesses as to the value of property and also as to damages, where the damage consists in its destruction or

Nellis *v.* McCarn.

injury. It cannot be denied that such evidence is competent upon questions of value. Why not competent, then, when the question of damages consists simply in difference of value? It should be made to appear, of course, that the witness has a general knowledge of the subject in regard to which his opinion is sought. There are many matters of common observation, however, as to which all men of equal intelligence must stand pretty much alike in opinion. In the matter of a technical trespass to an oatfield by walking over it, or other trifling injury to the commonest and coarsest of property, the opinions of all men must be about equal. And if the witness, who must be presumed to possess at least ordinary intelligence, states the time of the trespass, the kind of property injured, with a description of the injury, being of the simplest kind, he may then give his opinion of the damage, without contravening any rule of evidence.

But it is insisted that the evidence is abundant to uphold the judgment without this ; and that it should not be reversed even if this evidence was improperly received. (13 *Barb.* 116. 12 *id.* 383. 5 *id.* 283.) I think, however, the decision should be put on the other ground.

V. A cause of action was well stated in substance in the complaint, and was clearly proved on the trial. The insignificance of the claim can make no difference in the law of the case. The record discloses no error in the proceedings or judgment.

Judgment affirmed.

[WARREN GENERAL TERM, July 9, 1861. *Rosekrans, Potter* and *Bockes,* Justices.]