## ARMSTRONG and PATTEN *vs.* SMITH.

Whether an appeal to the county court from a judgment of a justice of the peace is invalid or irregular because no revenue stamp was put upon one of the notices of appeal served, instead of the one kept by the appellants' attorney, is a question not properly before the supreme court, on appeal from the judgment of the county court, in the cause, unless an appeal has been taken from the order of the county court denying the motion to dismiss the appeal to that court.

Notwithstanding the defendant, in a suit before a justice of the peace, fails to appear at the trial, the plaintiff must establish his cause of action by legal evidence.

Where, in an action before a justice of the peace, for trespasses done upon the plaintiffs' land by the defendant's cattle and horses, the only evidence to show the amount of the plaintiffs' damages, or from which the justice could properly determine the amount, was the *opinion* of a witness; *Held* that there was not sufficient legal evidence in the case to sustain the judgment.

The case of *Nellis* v. *McCarn,* (35 *Barb.* 115,) so far as it relates to this point, overruled.

The case of *DeWitt* v. *Barly,* (17 *N. Y. Rep.* 340,) commented upon, and declared not to be in conflict with *Morehouse* v. *Mathews,* (2 *N. Y. Rep.* 514.)

Armstrong *v.* Smith.

THE plaintiffs brought this action before a justice of the peace, in August, 1864, for trespasses on their lands situated in the town of Otsego. The summons was personally served on the defendant, but he did not appear before the justice. The plaintiff Armstrong was the only witness sworn on the trial. He testified as follows : "George Patten and myself were owners of hops, grass and grain, growing, oats and buckwheat, on a farm adjoining the defendant's farm in the town of Otsego ; about one acre of hops, about thirty acres of meadow, about one acre of oats, between two and three acres of buckwheat. I saw eighteen head of the defendant's cattle in the hop yard in June, and from four to six head in the hops, of the defendants, on different days in June ; they eat the hops off and tore them off the poles ; they eat about all there was in the yard. I have raised hops and am acquainted with growing hops, and their value ; I think they damaged the hops $50. I have seen defendant's cattle in the meadow, I judge (40) forty times, from eight to twenty head and four to five horses, perhaps half as many times during the present summer ; about thirty acres of meadow. I think from 1st of April last they have damaged the meadow $100. I saw eight head once, and four or five at another time, of defendant's cattle in plaintiffs' oats ; I think they damaged the oats $25 ; saw them in the plaintiffs' buckwheat, from five to ten at a time, six or seven times ; I think they damaged the buckwheat $10."

The above was all the testimony given on the trial. The justice rendered a judgment thereon in favor of the plaintiffs, against the defendant, for $100 damages, besides costs. The defendant appealed therefrom to the county court of Otsego county, and in his notice of appeal stated that he did not apply for a new trial on the merits in the county court, and that the appeal was taken on questions of law only arising on the trial before the justice. The plaintiffs moved to dismiss the appeal upon the ground that a revenue stamp of fifty cents was not put upon either notice of appeal served.

This memorandum was on the notice in the printed case that must have been served on the justice, namely, [U. S. revenue stamp, 50 cts. Sept. 14, 1864, S. & C.]

The notice of appeal was dated September 14, 1864, and was signed by Sturges and Countryman, as attorneys for the defendant and appellant.

An affidavit of Mr. Countryman was used in opposition to the motion, in which he stated that he attached a fifty cent United States revenue stamp to the notice of appeal, and canceled the same on the day it was drawn ; and that copies of the notice, showing that the original was stamped, &c., were served on the justice and on the plaintiffs.

The county court denied the motion to dismiss the appeal, and affirmed the judgment of the justice, with costs. The defendant appealed from the judgment of the county court to this court. But the plaintiffs did not appeal from the order of the county court denying their motion to dismiss the appeal to that court ; nor did they make any motion to dismiss the appeal to this court.

*L. J. Walworth,* for the plaintiffs.

*E. Countryman,* for the defendant.

*By the Court,* BALCOM, J.    The plaintiffs' counsel has made the point that the defendant's notice of appeal to the county court was invalid, because a United States revenue stamp, of fifty cents, was not put upon the one served on the justice, or upon one of those served on the plaintiffs.

A fifty cent stamp was used and canceled upon the notice kept by the defendant's attorneys, and the government of the United States has not been defrauded. But whether the appeal to the county court was invalid or irregular because the stamp was not put upon one of the notices served, instead of the one kept by the defendant's attorneys, is a question not properly before this court. To have brought it here the

Armstrong *v.* Smith.

·plaintiffs should have appealed from the order of the county court, denying their motion to dismiss the defendant's appeal to that court.

It is well settled, that notwithstanding the defendant, in a suit before a justice of the peace, fails to appear at the trial, the plaintiff must establish his cause of action by legal evidence. (*Perkins* v. *Stebbins,* 29 *Barb.* 523, *and cases there cited. Also see Clark* v. *Van Vrancken,* 20 *id.* 278.) The farthest that this court has gone is to hold that it " will not reverse the judgment of a justice of the peace, in a case where no one appeared for the defendant, for the error of the justice in permitting an improper answer to be given by a witness, if there is enough testimony besides, free from all objection, to sustain the judgment. (*Buck* v. *Waterbury,* 13 *Barb.* 116.)

The county court affirmed the judgment of the justice, upon the authority of *Nellis* v. *McCarn,* (35 *Barb.* 115.) But the decision in that case is in conflict with two decisions of this court, made at general terms in this district, in *Stickney* v. *Swarthout,* (*MS. opinion, July Term,* 1859,) and *Cook* v. *Disbrow,* (*MS. opinion, May,* 1860.) And I am also constrained to say the decision in *Nellis* v. *McCarn* is in conflict with the decision of the court of appeals, in *Morehouse* v. *Mathews,* (2 *Comst.* 514,) and also, either directly or indirectly, in conflict with the following cases, namely : *Giles* v. *O'Toole,* (4 *Barb.* 261.) *Simons* v. *Monier,* (29 *id.* 419.) , *Rodgers* v. *Fletcher,* (13 *Abb. R.* 299.) *Norman* v. *Wells,* (17 *Wend.* 136.) *Paige* v. *Hazard,* (5 *Hill,* 603.) *Fish* v. *Dodge,* (4 *Denio,* 311.) *Duff* v. *Lyon,* (1 *E. D. Smith,* 536.) *Cook* v. *Brockway,* (21 *Barb.* 331.) *Lincoln* v. *The Saratoga and Schenectady R. R. Co.* (23 *Wend.* 425.) *Merritt* v. *Seaman,* (2 *Seld.* 168.) *The Rochester and Syracuse R. R. Co.* v. *Budlong,* (6 *How. Pr. Rep.* 467.) *Benkard* v. *Babcock,* (27 *id.* 391 ; *S. C.* 421.) *Harger* v. *Edmonds,* (4 *Barb.* 256.) *Dolittle* v. *Eddy,* (7 *id.* 74.)

The county judge, in this case, and the learned justice, who

delivered the opinion in *Nellis* v. *McCarn,* relied very much, for their conclusions, upon the decision of the court of appeals in *Dewitt* v. *Barly,* (17 *N. Y. Rep.* 340.) But that decision is not in conflict with the decision of the same court in *Morehouse* v. *Mathews,* (*supra.*) All that *Dewitt* v. *Barly* holds is, that upon an issue in regard to the mental imbecility of a grantor, the opinions of unprofessional witnesses, founded upon personal observation of his appearance and conduct, may be given in evidence ; and that such witnesses must state, as far as they are able, the facts and reasons upon which their conclusions are founded, so that the jury may have all practicable means for estimating the accuracy of their opinions.

Opinons in such a case are received *ex necessitate,* for the reason that the minute appearances upon which they depend can not be so perfectly described as to enable a jury to draw a just conclusion from them. They are likened to opinions of witnesses, which are receivable, in proving handwriting, identity, and intoxication, as exceptions to the general rule that excludes opinions as evidence.

The only evidence in this case, as to the amount of damages the defendant's cattle and horses did upon the plaintiffs' land and to their crops, was the opinions of one of the plaintiffs, given as a witness, as follows : "I think they damaged the hops fifty dollars." "I think, from first of April last, they have damaged the meadows one hundred dollars." "I think they damaged the oats twenty-five dollars." "I think they damaged the buckwheat ten dollars."

It would have been competent for the witness to state the quantity of hops, the quantity of oats, and the quantity of buckwheat the fields would have produced in the year 1864, if the defendant's cattle and horses had not trespassed upon them, and how much less each field would produce in consequence of the injury done them by the cattle and horses of the defendant ; and to have followed up such statements with other facts until his final conclusions would approximately

Armstrong *v.* Smith.

show the amount of damages the plaintiffs had sustained. He could also have stated how much hay the plaintiffs' meadow would have yielded in the same year, if the defendant's cattle and horses had not trespassed upon it, and how much less grew upon it in consequence of the trespasses of those animals, and so on, until his ultimate statement of facts would have shown, as clearly as was possible, the damage done to the meadow. Or the witness could have been confined exclusively to a statement of the facts, and then the justice would have been obliged to ascertain the amount of the plaintiffs' damages from such facts.

It would also have been proper for the witness to state the market value of hops by the pound, oats and buckwheat by the bushel, and of hay by the ton, at the time of the trial, and the ordinary fluctuations in such values, between the times the trespasses were committed and the times the crops would have been ready for market, if they had not been injured.

My conclusion is that, as the only evidence to show the amount of the plaintiffs' damages, or from which the justice could properly determine the amount, was the opinions of a witness, there is not sufficient legal evidence in the case to sustain the judgment ; and that therefore the judgment of the county court and that of the justice must be reversed, with costs.

Decision accordingly.

[BROOME GENERAL TERM, July 12, 1865. *Parker, Mason* and *Balcom,* Justices.]