# COLUMBIA COUNTY COURT.

## WASHINGTON DECKER agt. SAMUEL L. MYERS.

The finding of a jury on a question of fact, upon which there is conflicting evidence, is conclusive, and cannot, except in extreme cases, be reviewed on appeal.

A party cannot make his own declarations evidence in his own favor, where they are not called for by, or are not in response to anything said by the opposite party.

The admission of improper testimony upon a material issue, is not a technical error, and cannot be disregarded, though there may be upon the same question other competent and sufficient evidence. The court cannot say that the jury were not influenced by the illegal testimony.

The legal rule or measure of damages for a breach of warranty of property sold, is the difference between the value of the property as it really was, and what its value would have been had it corresponded with the warranty.

The question to the witnesses "what is the difference in value?" was improper and inadmissible. In this form it tended to elicit, and required or admitted the opinion of the witnesses upon the rule or measure of damages, and upon the amount of the damages the plaintiff was entitled to recover. A witness cannot thus be put directly in the place of the court and jury.

The value of property may be proved by the opinion of witnesses who are well acquainted with the value of similar property; but its difference in value in one condition, and in another, cannot be so shown, being a conclusion of the witness upon a mixed question of law and fact. He may give his opinion of the value of the property in one condition and its value in another: but he should first state the facts within his knowledge upon which he founds his valuation, to enable the jury to appreciate his estimate, and the jury should be left to draw their own conclusion as to the difference of value.

*Nellis* agt. *McCarn* (35 *Barb.* 115), and *Harpending* agt. *Shoemaker* (37 *Barb.* 270), as to the admissibility of opinion on the question of damages, are in con-flict with the long series of adjudged cases on the subject.

The objection to the inquiry in relation to the difference of value, was sufficiently specific to raise the question, whether the opinion of the witnesses was admis-sible, and it was not necessary to have repeated the objection to the similar inquiry of the witness Allen Miller, it having been interposed to the question to the next previous witness, and overruled by the justice.

### Argued and decided June Term, 1866.

APPEAL by the defendant from a judgment against him in a justice's court. The action was brought to recover dam-ages for a breach of warranty in the sale of a yoke of oxen by the defendant to the plaintiff, and was tried before a jus-tice and jury in the court below. The warranty alleged in the complaint, was that the oxen were orderly, when in fact they were disorderly and unruly, and whether there was such a warranty was a disputed question of fact, and at the trial evidence was given on both sides of the question. In addi-tion to other evidence as to the breach of the warranty, the justice, after objection by the defendant, which was over-ruled, permitted the plaintiff to prove his own declaration to the defendant that the oxen were unruly. No testimony was given or offered as to the value of the oxen as warranted, or as to their value as disorderly and unruly, and there was no evidence in relation to their value except as to the price paid for them. The plaintiff offered to prove on the trial, by himself as a witness, the difference in value of the oxen as warranted and as they were. This was objected to by the defendant, on the ground that no sufficient evidence had been given for its admission, and the objection having been overruled by the justice, the question "what is the difference in value?" was put to him and he answered "about fifty dol-lars." He then further testified, "I have bought and sold cattle on my own judgment, and have had unruly cattle before. I am 30 years old, and brought up a farmer." Allen Miller, on the part of the plaintiff, testified, "I know the parties; am 45 years old and a farmer, and always have been; have owned cattle and bought and sold cattle on my own judgment, and have heard the evidence about the cattle

in question; the difference in the value of the cattle in question would be about fifty dollars." No objection appears to have been made to the testimony of this witness. The jury found a verdict for the plaintiff of forty-five dollars, upon which the justice rendered judgment, and the defendant appealed to this court.

C. P. COLLIER, *for appellant.*
R. E. ANDREWS, *for respondent.*

DARIUS PECK, County Judge. Whether there was a general warranty was a question of fact litigated at the trial, upon which there was conflicting testimony, and the jury having found for the plaintiff their verdict cannot be disregarded. It is a well settled rule, except in extreme cases, which very rarely occur, that the finding of a jury on a question of fact, upon which there is conflicting evidence, is conclusive, and cannot be reviewed on appeal, however much it may be against the weight of evidence. (*Brown* agt. *Wilde,* 12 *Johns. R.* 455 ; *Trowbridge* agt. *Baker,* 1 *Cow. R.* 251, 253 ; *Douglass* agt. *Tousey,* 2 *Wend. R.* 352, 356 ; *Stryker* agt. *Bergen,* 15 *Wend. R.* 490, 492 ; *Noyes* agt. *Hewitt,* 18 *Wend. R.* 141, 145 ; *Oakley* agt. *Van Horn,* 21 *Wend. R.* 305, 307 ; *Whitney* agt. *Crim,* 1 *Hill's R.* 61, 63 ; *Baum* agt. *Terpenny,* 3 *Id.* 75, 76 ; *Keeler* agt. *Fireman's Ins. Co.* 3 *Id.* 250, 256 ; *Donald* agt. *Edgerton,* 5 *Barb. S. C. R.* 560, 562 ; *Rathbone* agt. *Stanton,* 6 *Id.* 141, 143 ; *Adsit* agt. *Wilson,* 7 *How. Pr. R.* 64, 67 ; *Easton* agt. *Smith,* 1 *E. D. Smith's R.* 318 ; *Bennett* agt. *Scutt,* 18 *Barb. S. C. R.* 347, 350 ; *Mellen* agt. *Smith,* 2 *E. D. Smith's R.* 462, 463 ; *Wiley* agt. *Slater,* 22 *Barb. S. C. R.* 506, 507 ; *Smith* agt. *Hill, Id.* 656, 661 ; *Pearson* agt. *Fiske,* 2 *Hilt. R.* 146 ; *Mendell* agt. *French, Id.* 178.)

The evidence on the part of the plaintiff of his own declaration to the defendant that the oxen were unruly, not being called for by or in response to anything said by the defendant, was inadmissible, and the decision of the justice overruling the objection to it clearly erroneous. A party under such circumstances cannot make his own declarations

eveidence in his own favor. There being, however, other competent and sufficient evidence showing a breach of the warranty, it is contended that the judgment should not be reversed on account of the admission of this improper testimony. A few cases sustain this doctrine. (*Bort* agt. *Smith*, 5 *Barb. S. C. R.* 283, 285 ; *Spencer* agt. *Saratoga and Washington R. R. Co.* 12 *Id.* 382, 384 ; *Buck* agt. *Waterbury*, 13 *Id.* 116, 118, 119 ; *Harper* agt. *Leal*, 10 *How. Pr. R.* 276, 279, 280). But these cases are against the decided weight of authority and have been overruled by the court of appeals. (*Anthoine* agt. *Coit*, 2 *Hall's Superior Court R.* 40, 50 ; *Main* agt. *Eagle*, 1 *E. D. Smith's R.* 619, 621 ; *Hahn* agt. *Van Doren, Id.* 411 ; *Belden* agt. *Nicolay*, 4 *Id.* 14, 17 ; *Worrall* agt. *Parmelee*, 1 *Comst.* 519 ; *Williams* agt. *Fitch*, 18 *N. Y. R.* 546, 552 ; *Erben* agt. *Lorillard*, 19 *Id.* 299.) The breach of the warranty in this case was a material issue, and the improper evidence bore directly upon it. In such case the error is not a technical one and cannot be disregarded. The court cannot say that the jury were not influenced by the illegal testimony.

Another allegation of error is in the admission of illegal and improper evidence in relation to the damages for the breach of the warranty. As a general rule, the measure of damages for a breach of warranty of property sold, is the difference between the value of the property as it really was, and what its value would have been had it corresponded with the warranty. (*Voorhees* agt. *Earl*, 2 *Hill's R.* 288, 291 ; *Cary* agt. *Gruman*, 4 *Id.* 625 ; *Muller* agt. *Eno*, 14 *N. Y. R.* 597, 606 ; *Comstock* agt. *Hutchinson*, 10 *Barb. S. C. R.* 211, 212 ; *Sharon* agt. *Mosher*, 17 *Id.* 518, 520 ; *Fales* agt. *McKeon*, 2 *Hilt. R.* 53, 55, 56. The legal rule or measure of damages in this case was the difference between the value of the oxen at the time of the sale, if they had been as warranted, and their value as they really were. This difference in value constituted the damages. There being no evidence of the value of the oxen as warranted, or as they actually were, or otherwise, except as to the price paid for them, an opinion on the difference of value was an opinion on the amount of damages.

The question put to the plaintiff as a witness, and the inquiry of the witness Allen Miller, did not call for facts, but only in effect, for their opinion as to the amount of damages the plaintiff was legally entitled to recover, and required of them an estimate of the amount of such damages. This opinion could not be expressed or estimate made in response to the question and inquiry, in the form in which they were propounded, without the witnesses first assuming what was the legal rule or measure of damages, which is a question of law to be decided only by the court; and making an estimate of the amount of the damages sustained by the breach of the warranty and substituting it for the judgment of the jury. Witnesses cannot be permitted to give their opinions in reply to questions or inquiries, the answers to which require of them a decision of a question of law, and an invasion of the province of the jury. This principle upon which the opinions of witnesses as to the amount of damages are inadmissible, is clearly defined and illustrated by SELDEN, J., in delivering the opinion of the court in *The Rochester and Syracuse Railroad Company* agt. *Budlong* (10 *How. Pr. R.* 290, 293, 294), and in *De Witt* agt. *Bailey* (17 *N. Y. R.* 340, 344 *to* 348). Facts bearing upon the question of damages should be stated by the witnesses to enable the jury alone to estimate and find the amount.

Witnesses who have sufficient knowledge on the subject, derived from their own experience and observation, may give their opinions in evidence upon questions of the value of property. (*Lamour* agt. *Cayl*, 4 *Denio R.* 370, 373, 374; *Joy* agt. *Hopkins, Id.* 84; *Smith* agt. *Hill,* 22 *Barb. S. C. R.* 656, 661; *Van Deusen* agt. *Young,* 29 *Id.* 9, 20; *Donald* agt. *Christie,* 42 *Id.* 36, 39, 40.) It was competent for the plaintiff in this case to have proved, by the opinion of witnesses acquainted with the value of similar property, the value of the oxen as warranted, and their value as they were, and other proper facts and circumstances within their knowledge connected with the subject, upon which the jury could form an independent judgment as to the amount of the damages sustained by the plaintiff. The opinion of the witnesses was

stated in connection with no fact bearing upon the value of the oxen, except as to the price paid for them, and that was only *prima facie* evidence of their value at the time of the sale (2 *Parson's on Contracts*, 486), and not material to the issue on the trial. There was no evidence of their value as they actually were, and no facts stated as the foundation of valuation. It does not appear that the witness Allen Miller had seen the oxen, which has been held to be necessary to allow an opinion of value as evidence (*Westlake* agt. *St. Lawrence Mutual Ins. Co.* 14 *Barb.* 206, 215), and his opinion was not competent as evidence, based upon facts sworn to by others (*Paige* agt. *Hazard*, 5 *Hill's R.* 603).

The opinion of the witnesses, had they been given on the value of the oxen, should not only have been given in their separate states as warranted, and as they actually were, but the witnesses should have also stated all the facts upon which such opinions were founded, to have enabled the jury to give them the weight to which they should deem them entitled, in estimating the difference of value to be found by them as the amount of damages (*Giles* agt. *O'Toole*, 4 *Barb.* 261, 264). Some of the damages resulting from a violation of this rule are referred to by MARVIN, J., in delivering the opinion of the court in *Cook* agt. *Brockway* (21 *Barb.* 331).

Though there is some confusion and uncertainty in several adjudged cases in regard to the exceptions to the rule, the very decided weight of authority is, that the opinion of a witness as to the *amount* of damages sustained by a party is not admissible. (*Norman* agt. *Wells*, 17 *Wend. R.* 136, 161, 163; *Lincoln* agt. *Saratoga and Schenectady R. R. Co.* 23 *Id.* 425, 434; *Dunham* agt. *Simmons*, 3 *Hill's R.* 609; *Paige* agt. *Hazard*, 5 *Id.* 603; *Fish* agt. *Dodge*, 4 *Denio R.* 311, 318; *Giles* agt. *O'Toole*, 4 *Barb.* 261; *Harger* agt. *Edmonds, Id.* 256, 258, 259; *Morehouse* agt. *Matthews*, 2 *Comst. R.* 514; *Doolittle* agt. *Eddy*, 7 *Barb.* 74, 76; *Rochester and Syracuse R. R. Co.* agt. *Budlong*, 6 *How. Pr. R.* 467, 469, 470; *Merritt* agt. *Seaman*, 2 *Seld. R.* 168, 175; *Cook* agt. *Brockway*, 21 *Barb.* 331; *Simons* agt. *Monier*, 29 *Barb*, 419, 425; *Rogers* agt. *Fletcher*, 13 *Abb. Pr. R.* 299, 300 · *Benkard* agt. *Babcock*,

27 *How. Pr. R.* 391, 406 ; *Armstrong* agt. *Smith*, 44 *Barb.*
120.)   There are a few cases directly or indirectly in conflict
with the above authorities.   It was held by the supreme
court in the 4th district, in *Nellis* agt. *McCarn* (35 *Barb.*
115, 118), that the opinions of witnesses are competent as
to the amount of damage when it consists in an injury to, or
destruction of property.   The decision in this case is not
only in conflict with the authorities above cited, but is
opposed in principle to that in *Cook* agt. *Brockway* (*supra*),
in the 8th district, and has been expressly overruled in the
6th district in *Armstrong* agt. *Smith* (44 *Barb.* 120), and in
two other cases there cited.   The case of *Harpending* agt.
*Shoemaker* (*supra*), in the 7th district, is based on this point
upon the authority of *Nellis* agt. *McCarn*, and in conflict
with the decision in the same district in *Simons* agt. *Monier*
(*supra*).   These authorities have little or no weight against
the long and uniform series of adjudged cases above cited.

The question and inquiry in this case as to the difference
of value of the oxen as warranted, and as they really were,
required and admitted an answer compounded of law and
fact.   The difference in value constituted the damages, which
being uncertain and incapable of computation, the witnesses
could only give the elements of value, and the jury should
have been left to make their own estimate of the amount of
the damages (*Benkard* agt *Babcock*, *supra*).

It is claimed that the objection to the question and inquiry
of the witnesses as to the difference of value of the oxen as
warranted and as they were, on the ground that sufficient
evidence had not been given for its admission, was not suf-
ficiently specific to exclude the evidence of their opinions.
The ground specified was sufficient to raise the question of
the admissibility of opinion as evidence.   There was not a
sufficient foundation in the facts then proved for an opinion.
Further preliminary evidence was necessary to show the
value of the oxen as warranted, and their value as they actu-
ally were, and the witnesses should have first stated other
proper facts and circumstances, within their own knowledge,
to have made their opinions competent, even if they had

been admissible upon the difference of value. It should have appeared that the witness Allen Miller had seen the oxen and had knowledge of the oxen other than an opinion predicated upon the testimony of other witnesses. In *Spencer* agt. *Saratoga and Washington R. R. Co.* (*supra*), it was held that an objection, as improper, was sufficiently specific to raise the question whether the opinion of the witness, upon the amount of damages, was admissible, and a general objection is good where it is manifest that the question must call for an opinion (*Paige* agt. *Hazard* (*supra*), and *Rogers* agt. *Fletcher* (*supra*).

It was not necessary to have repeated the objection to the similar inquiry of the witness Allen Miller, it having been interposed to the question to the next previous witness, and overruled by the justice.

Judgment reversed..