## HUDSON v. CARYL.

*Evidence— damages, how proved.*

In an action to recover damages for injuries to a farm, the judge at the trial permitted a witness to answer the question, " What was the damage — the annual damage — in the rent of the farm, in your judgment ?" *Held,* error.

THIS action was brought by plaintiff to recover of defendant damages occasioned by a dam across the Schenevus creek, which runs through the lands of plaintiff and defendant, and thereby caused the water of said creek to set back upon and overflow a portion of plaintiff's land.

The action was commenced in April, 1863.

The answer was a general denial, and a former suit in bar of the action. A trial was had at the Otsego circuit court, third Monday of September, 1872, before Hon. WM. MURRAY, justice of this court, and a jury; and the questions raised and the rulings to which exceptions were taken by the defendant relate to the admission of evidence upon the trial.

A verdict was rendered for plaintiff, and all proceedings thereon stayed till a case and exceptions were made and settled, which were ordered to be heard in the first instance at the general term.

*E. E. Ferrey,* for plaintiff.

*H. Sturges,* for defendant.

MILLER, P. J. Upon the trial of this action the plaintiff asked one of the witnesses what the annual damages to the farm were, occasioned by the flowing back of the water. The question was objected to, and the court said the plaintiff could show how much the farm was depreciated by reason of the back water, to which ruling the defendant's counsel excepted. The following question was then put: "You can answer the question what was the damage — the annual damage — in the rent of the farm, in your judgment?" The question was again objected to, the objection overruled, and the defendant excepted. The witness answered: From what I know of the premises, I should make it fifty dollars a year.

It is quite evident that the judge erred upon the trial in allowing proof of damages in the form stated.

It is settled, by repeated judicial decisions in this State, that damages cannot be proved by the opinions of witnesses alone, and the functions of the jury thus taken from them. It is for the witnesses to state the facts, and for the jury to draw their conclusions from the facts presented.

The question in the case at bar was, what amount of injury was caused, by reason of the overflowing of the water, and what was the depreciation in value of the farm in consequence thereof. While it would have been entirely competent for the witness to give his opinion as to the annual value of the farm as it was before, and its value after the injury, yet the authorities hold that the witness cannot make the substraction himself and declare the result.

This is a matter for the jury and not for the witness. In *Van Deusen* v. *Young*, 29 N. Y. 9, the question was put to the witness: What was, in his opinion, the difference in the value of the farm by the removal of timber? And it was held to be incompetent

The court say that "it was the province of the jury to ascertain the amount; it was the province of the witnesses to furnish the data from which the amount was to be ascertained. When, therefore, the witness was called on to give his opinion as to how much the farm was depreciated in value, he was required to give his opinion as to the amount of damages the plaintiff had sustained."

The case is directly in point, although the question put in the case cited was less objectionable than the one at bar, as in the latter the witness was asked directly, what was the annual damage in the rent? See, also, *Armstrong* v. *Smith*, 44 Barb. 120, and cases cited.

Several other questions are raised on the argument, but as a new trial must be granted for the error already discussed, it is needless to pass upon them.

*New trial granted, with costs to abide the event.*