## TOWNSEND v. BRUNDAGE.

*Evidence — estimate of quantity — opinions — value.*

In an action to recover damages for defendant's cattle entering upon plaintiff's land and destroying grass and apples, a witness was asked: " To the best of your judgment, were there one hundred bushels of apples there ?" *Held,* that the question was not objectionable on the ground that it called for an opinion.

A witness was asked: " What was the grass worth?" referring to the damaged grass. *Held,* that the question was admissible. *Held,* also, that a question as to what it was " worth to draw apples to the mill " was proper, the value of apples at the mill having been shown.

A PPEAL by plaintiff from a judgment of the county court reversing a judgment in favor of plaintiff rendered in a justice's court.

The action was brought by Edward K. Townsend against David M. Brundage to recover damages for injury done to plaintiff's grass and apples by defendant's cattle. Enough facts appear in the opinion.

*Groo & Wiggins,* for appellant.

*R. R. Jelliff,* for respondent.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

LEARNED, P. J. The plaintiff sued, in a justice's court, for damages done by the defendant's cattle, in entering on the plaintiff's land and destroying his grass and apples. He recovered a judgment which was reversed in the county court on questions of law, and he now appeals to this court.

The county court reversed the judgment for three alleged errors in the admission of evidence.

First. A witness was asked: "To the best of your judgment, were there one hundred bushels of apples there?" The witness answered under objection, and this was held to be error as admitting an opinion.

But the proper way to prove the damages was to show, as a matter of fact, how many bushels of apples were there, and how many were injured. If the witness had been asked, "Were there one hundred bushels there?" the question would not have called for an opinion, in the technical use of that word. And the question is no more objectionable for the addition of the qualification, "in your judgment." Unless a witness has actually made a count, an inquiry as to numbers is always a matter depending in a certain sense on his judgment, but it is admissible. It might be that the witness had no knowledge on the subject. But no objection of that kind was shown or taken.

*Armstrong* v. *Smith*, 44 Barb. 120, presented a very different case. There the witnesses testified, "I think they damaged the hops fifty dollars," etc. Such testimony was not of facts, but of a conclusion. So in *Morehouse* v. *Mathews*, 2 N. Y. 515, the objectionable question was, "What damage accrued to the cattle?" etc., a question entirely different in its nature from that objected to in this case.

Second. The two other questions objected to, and referred to by the county court, were, "What was the rowen worth?" and "What was the grass worth?" It was held by the county court that these were expressions of opinion. But it is always proper to ask a witness who is acquainted with the matter what is the value of an article. There is hardly any other way of proving value. Whether or not this grass and this rowen were damaged, is another question If they were not damaged, then there could be no recovery in that respect.

Another question objected to on the trial, but not referred to by

the county court, was, "What is it worth to draw apples to the mill?" That was proper, because the witness had testified to the value of apples at the mill. Of course they were worth less at the orchard. It was proper, and for defendant's benefit, to show the cost of drawing.

There is no question of fact for us to review. The judgment of the county court should be reversed, and that of the justice affirmed.

*Judgment accordingly.*