Northrup & Huntley *vs.* Jackson.

In declaring in *assumpsit* on a *collateral* undertaking, the declaration must be *special*, setting forth the contract; but if the undertaking be *original*, the plaintiff may declare generally.

Where a contract rests *in writing*, and without such writing the promise sought to be enforced would not be binding within the statute, *parol evidence* of the contents of such writing is inadmissible.

Where there is *no appearance* by a defendant in a justice's court, and judgment is rendered against him, he may, on *certiorari* in the common pleas and on *writ of error* in this court, object to the sufficiency of the declaration, and to the legality of the proof in the justice's court.

Error from the Erie common pleas. Northrup and Huntley sued Jackson in a justice's court, and declared for a balance due from the defendant, and for work done by the plaintiffs—claiming, in the whole, the sum of $17,76. A person claimed to appear as the *attorney* of the defendant, but failing to satify the justice that he had been authorized by the defendant to appear, the justice would not permit him to answer in the cause. The plaintiffs thereupon proved that they had entered into a contract with one *Craig* to deliver to him a quanity of lumber, on being paid for it; but that Craig failing to make payment, they refused to deliver the lumber; that thereupon the defendant *wrote* to them, that if they would forward the lumber, he would be accountable to them for it; that they accordingly forwarded a quanity, the value of which was $17,76; and that the defendant subsequently acknowledged that the lumber had been delivered, and that he was accountable for it. Upon this evidence, the justice rendered judgment for the sum demanded; which judgment was reversed by the Erie common pleas. The plaintiffs sued out a writ of error.

*T. J. Sherwood,* for plaintiff in error.

*E. Ford,* for defendant in error.

*By the court,* Savage, Ch. J. There was no appearance by the defendant, and the plaintiffs were bound to make out a legal liability against him by legal testimony. It is object-

ALBANY,
Oct. 1834.

Northrup
v.
Jackson.

ed that the declaration was *general*, when it should have stated the *special contract;* and also that *parol evidence* was given of the letter of the defendant, upon which his liability rested. Had the defendant appeared upon the trial, and omitted to raise these objections, it would have been too late afterwards ; his omission would have been deemed an assent : but as the defendant waived nothing on the trial, he has a right now to raise the objections. If the promise in question is considered a collateral undertaking, then the declaration should be special, 1 *Chitty's Pl.* 339 ; 1 *Saund.* 211, *a. b. ;* but if it is an original undertaking, then the declaration is sufficient. I consider it an original undertaking. It is not that he will pay for a debt of Craig previously existing, but if you will deliver Craig certain lumber, I will pay you. This is a contract between these parties, upon sufficient consideration moving between them. The delivery of the lumber was a damage to the plaintiffs, and that is sufficient to sustain the action. The pleading is therefore sufficient. The next question is upon the evidence. The admission of parol proof of the contents of the letter was clearly wrong ; but as no writing was necessary to sustain the promise, was there enough shown without evidence of the letter ? In the subsequent conversation between the defendant and the witness, the defendant admitted that the lumber had been delivered, and that he was accountable to pay the balance then due. This admission might have been made without any previous contract; but without proof of such previous contract, this evidence is insufficient to sustain a recovery. It is a mere parol admission, that the defendant was liable to pay the debt of another. Had there been an express promise then made, after the delivery of the lumber to Craig, to pay the plaintiffs for it, such promise would have been void by the statute. Without the contents of the letter, therefore, the action cannot be sustained ; and as the contents were improperly proved, the common pleas were right in reversing the judgment of the justice.

Judgment affirmed.