ROBERT J. WILDE v. THE NEW YORK AND HARLEM RAIL-. ROAD COMPANY.

*An action may be commenced in a district or justice's court against a resident corporation by a short summons, when the plaintiff is a non-resident and furnishes the requisite bond and affidavit.*

*This court cannot relieve a defendant, under § 366 of the Code, from a judgment taken by default in a district court, if he has once appeared in the action.*

APPEAL by defendants from a judgment of the Second District Court. This action was commenced by a short summons, the plaintiff being a non-resident and giving security. On the return day the defendants appeared, and moved to dismiss the suit upon the ground that the defendants could only be sued by a long summons. The objection was overruled, the defendants answered, and the cause was thereafter twice adjourned. On the final adjourned day the defendants failed to appear, and judgment was rendered against them by default. From that judgment they appealed, and on the appeal offered affidavits showing a defence upon the merits and an excuse of their default.

*Odle Close*, for the appellants.

I. The justice erred in denying the motion of defendants to dismiss the suit or quash the summons, on the ground that a short summons is not proper process against a corporation. 11 Barbour, 621; 15 ibid. 650.

II. The error of the justice was not waived by defendants. 11 Barbour, 309; 17 Wend. 85, 87.

III. The defendants having excused their default, and manifest injustice having been done them by depriving them of the cross-examination of plaintiff's witnesses and the examination of their own witnesses, the court ought to grant a new trial. Code, § 366; 18 Barb. 387.

*Stillwell and Swain,* for the respondent.

BRADY, J.—The Code, section 53, confers civil jurisdiction in certain actions, of which the present is one; and section 54 declares that no justice of the peace shall have cognizance of a civil action in certain cases, not including, however, actions against corporations. The constitution, sect. 3 of art. 8, declares that corporations shall have the right to sue and shall be subject to be sued in all courts, in like cases as natural persons. There can be no doubt that an action can be entertained by a justice against a resident corporation, and, as we shall see, that such corporation may be sued, by a non-resident plaintiff, by short summons. The 32d section of the act abolishing imprisonment for debt (Session Laws, 1831, p. 403) provides, that whenever, by the provisions of section 31 of that act, no warrant can issue (and in this action no warrant could issue against the defendants), and the plaintiff shall be a non-resident of the county, and shall give like proof of the fact, and shall give the security required by law, the justice shall issue a summons, which may be made returnable not less than two or more than four days from the date thereof, and shall be served, &c. In this case the plaintiff was a non resident, and complied with the statute on obtaining the summons, and the court below acquired jurisdiction of the cause. This disposes of the objections to the validity of the plaintiff's judgment.

We have frequently held that we cannot grant any relief under section 366 of the Code of Procedure, where the defendant has appeared, although the judgment be afterwards taken by de-

fault.   *Bunker* v. *Latson,* 1 E. D. Smith, 410 ; *Frost* v. *Hanmer,* May Term, 1856 ; *Gurtridge* v. *Slingerland,* Feb. Term, 1856.

  Judgment affirmed.