## PERKINS vs. STEBBINS.

Notwithstanding the defendant, in a suit before a justice of the peace, fails to
appear at the trial, the plaintiff must establish his cause of action by legal
evidence.

Evidence that one is reputed to be the agent of another, is incompetent testi-
mony to establish an agency and thus charge the alleged principal.

THIS action originated in a justice's court. It was brought
to recover for money lent, horse keeping, board, &c. The
plaintiff called James F. Perkins as a witness, who testified
as follows : " I know the parties ; I am son of the plaintiff
in this suit ; plaintiff resides in this place ; keeps a public
house. I have seen Franklin Stebbins, and know him ;
Franklin is agent of Almus Stebbins, and does business as
such agent for Almus Stebbins, and has been reputed as such
agent. I let the defendant have six or seven dollars, in June
last, as agent of my father. I saw the plaintiff let Franklin
Stebbins have six or seven dollars, for the defendant, some
time the fore part of October last. The money I let the de-
fendant have, I let him have at Homer village. I know of
his having his dinner and a peck of oats for his horse. Frank-
lin had them as agent for the defendant. I was at the time
tending bar, and the stable too, for my father. Oats worth
two shillings ; dinner worth two shillings." The above was
all the testimony given on the trial. And thereupon the
justice rendered a judgment in favor of the plaintiff for
$13.50 damages, and $5.05 costs. The Cortland county
court affirmed the judgment ; and the defendant appealed to
this court.

*Geo. A. White* and *H. Ballard,* for the plaintiff.

*O. Porter,* for the defendant.

*By the Court,* BALCOM, J. The judgment of the justice
cannot be sustained, unless the plaintiff established his cause

of action by legal evidence, although the defendant was not present at the trial. (13 *Wend.* 85. 14 *id.* 159. 1 *Denio,* 432. 4 *id.* 184, 460.) Evidence that Franklin Stebbins was reputed to be the defendant's agent, was clearly incompetent. The witness did not state what kind of business, if any, outside of the matter in controversy in this action, Franklin had done as agent of the defendant; and when he said he knew Franklin was agent of the defendant, he merely stated a conclusion, which may have been drawn from what third persons had said, or from what Franklin himself had said and done. The evidence was clearly insufficient to show that Franklin had authority to borrow money as agent of the defendant. The justice erred in giving judgment against the defendant for the money, oats and dinner Franklin had of the plaintiff. It is therefore unnecessary to determine any other question in the case. The judgment of the county court, and also that of the justice, must be reversed, with costs.

[Otsego General Term, July 5, 1859. *Mason, Balcom* and *Campbell,* Justices.]