## Law and Equity

IN THE

# SUPREME COURT

OF THE

# STATE OF NEW YORK.

---

### EVERETT and others v. PARKS.

In an action to recover the price of goods sold and delivered on credit, there was no evidence to show any agreement about the delivery of the property by the vendors to the purchaser, or as to the manner in which, or the time when, it was to be made; or that the purchaser ever received the goods; or that he knew that they had been, or were to be, delivered to a railroad company for him. *Held* that in the absence of some order, or agreement, on the part of the purchaser to have the property sent to him by railroad, or of some evidence in regard to usage, or the course of trade, from which an agreement to have it so sent might be inferred, a delivery to the railroad company was no delivery to the purchaser.

*Held, also*, that without some such evidence, a receipt for the property, given by the agent of the railroad company to the vendors, was no evidence against the purchaser that the property had been received by the company on his account.

That before such a receipt could be made evidence to charge the purchaser, it was necessary for the vendors to show that they were authorized by the purchaser to send the property to him by that railroad company.

Where the defendant does not appear on the trial of such an action, it is in-

cumbent on the plaintiffs not only to prove a delivery of the property to the defendant personally, or to some person designated by him to receive it, but to prove it by competent and proper evidence; and if they fail in either respect, the defendant may take advantage of the error, on appeal.

Where the complaint is for goods sold and delivered, without proof of delivery, the cause of action stated in the complaint, and upon which issue is taken, is not made out. If the defendant does not appear, on the trial, and therefore waives nothing, and there is no evidence in respect to a delivery, a judgment in favor of the plaintiff should be reversed, for that reason.

APPEAL from a judgment of the county court of Oneida county, affirming a judgment rendered by a justice of the peace.

The action was brought to recover the value of a chest of tea, alleged to have been sold and delivered by the plaintiffs to the defendant, on the 17th day of December, 1870. The defendant answered orally, by a general denial. It was tried by the court without a jury. There was no appearance on the part of the defendant, on the trial. The plaintiffs are grocers, doing business in the city of Utica, under the firm name of Everett, Mayer & Co. The defendant is a farmer, and resides in the town of Camden, some thirty-five miles from Utica. The plaintiffs' traveling agent called on the defendant, at Camden, and bargained with him for a chest of tea, at 90 or 95 cents per pound, payable in thirty days. Nothing was said by either, when, where or how, the tea should be delivered. On the trial, the agent testified as follows: "In December last I sold the defendant a chest of Gunpowder tea; who agreed to pay for the same within thirty days. *I did not deliver the tea;* sent order to the plaintiffs, and tea was shipped to the defendant. I took memorandum of order at time of sale. Tea was either 90 or 95 cents per pound. The order book would show this, but I have not it with me now." Isaac Fuller, a witness for the plaintiffs, testified: "Am book-keeper for the firm. In December last the plaintiffs forwarded to the defendant *one half chest* of Gun-

Everett *v.* Parks.

powder tea, at 90 cents per pound, amounting to $47.70. The tea was sent by rail, I think."

The following receipt was given in evidence, to prove the delivery of the tea to the railroad company :

"THE NEW YORK CENTRAL RAILROAD CO.

*Utica Station, Dec.* 19, 1870.

*Received,* from EVERETT, M. & CO., in apparent good order :

| ARTICLES. | MARKED. | WEIGHT. |
|---|---|---|
| D. PARKS, | ½ Chest T. | 69 |
| Camden, N. Y. | | |
| R. W. & O. R. R. | | |

The New York Central Railroad Company by

W. N. WEAVER, Agent.

. L."

Charles B. Everett, one of the plaintiffs, testified to the handwriting of the railroad freight agent to the receipt.

The foregoing was all the evidence given on the trial, and the defendant insisted it did not prove a sale and delivery of tea.

The plaintiffs recovered a judgment for $48.36 damages, and $5 costs, before the justice, and on appeal, the county court affirmed the judgment.

*Cromwell & Conlon,* for the appellant.

I. There being no appearance on the part of the defendant on the trial, the plaintiffs were bound to fully sustain their case by proper and competent evidence, nothing being waived on the part of the defendant, and all incompetent evidence must be deemed to have been taken under objections. No place of delivery is mentioned, and the law implies that the goods must be delivered at the defendant's house or place of business. The delivery of the goods to the railroad company is not a delivery to the defendant, unless followed by proof that the goods were actually received by the defendant. There is no evidence

that the defendant had any knowledge that the tea was to be shipped by rail. (*See Downer* v. *Thompson*, 2 *Hill*, 137.)

II. There is no evidence that the tea was ever delivered to the railroad company. The witness Fuller does not testify to it; he did not see it delivered. He says he *thinks* it was sent by rail. The receipt purporting to come from the railroad company was improperly received in evidence to prove the delivery of the tea. The receipt, of itself, was not the proper evidence of that fact, and besides, the receipt itself was not properly proven. There is no evidence that the plaintiffs directed the railroad company to send the tea to the defendant at Camden. There is no evidence that the chest of tea was marked and directed to the defendant at Camden or any other place. For aught that appears, the tea, if ever delivered to the railroad company, may now be at the company's office at Utica, awaiting directions.

III. The plaintiffs' agent (Miles) who sold the tea to the defendant, swears that he sold "a chest of Gunpowder tea." The witness Fuller, the plaintiffs' book-keeper, testifies that he "forwarded to the defendant one half chest of Gunpowder tea." That was not a delivery of a chest of tea, and the defendant was not bound to receive it; he bought no half chest. That principle is fully recognized in the case of *Downer* v. *Thompson*, (2 *Hill*, 137.) The delivery of a half chest of tea, is not a compliance with a contract for the sale and delivery of a chest of tea. There is no evidence that the tea ever left Utica, or that it ever arrived at Camden. No evidence that the defendant ever heard anything in relation to the tea, except the conversation he had with the plaintiffs' agent on the 17th day of December, 1870, at Camden, at the time of the alleged sale.

In any view of the case, the evidence fails to show any liability on the part of the defendant, and the judgment should be reversed.

Everett *v.* Parks.

*John H. Knox*, for the respondent.

I. The evidence shows that there was a complete contract of sale, and it not being within the statute of frauds, proof of delivery was not essential; and upon the expiration of the time of credit the plaintiffs could sue and recover. (2 *Kent's Com.* 492. 1 *Cowen's Treatise*, 40, § 84. *Story on Sales*, § 301. *Bradley* v. *Wheeler*, 44 *N. Y.* 502.) In *Bradley* v. *Wheeler*, (44 *N. Y.* 502,) Earl, Commissioner, says: "Except for the purpose of satisfying the statute of frauds, the seller is not bound to deliver the property sold unless he has agreed to do so, and the buyer must take it where it is at the time of the sale." In this view of the case all proof of delivery was immaterial.

II. It can only be inferred that there was an agreement to deliver, by the subsequent acts of the plaintiff in shipping the goods by rail. If such inference is to be drawn, then it must be assumed that it was a part and parcel of the order delivered by witness Miles, (who made the sale,) to the plaintiffs, and that the goods were delivered in the manner and form, and at the time agreed upon.

III. The manner of delivery was acquiesced in by the defendant, and his silence, when drawn upon for the amount of his purchase, estops him from saying that there was not a sale and a delivery according to agreement.

IV. Every presumption and intendment must be taken in favor of the respondents, especially as the defendant does not excuse his default. In *Mayor* v. *Hyatt*, (3 *E. D. Smith*, 166,) Woodruff, J., says: "In determining whether a plaintiff has proved his case when the defendant does not appear, we cannot be hypercritical, and a defendant who neglects his case below has no right to call upon us, on appeal, to be astute to find grounds for reversal, especially when he does not excuse his default, nor show that any injustice has been done, nor seek a new trial on that ground." Every reasonable intendment will be indulged in support of a judgment of the lower court. (*Duntz* v.

*Duntz,* 44 *Barb.* 459.)   " A judgment will not be reversed where the cause was tried upon the assumption of the existence of a fact which was not proven, but which was incumbent on the plaintiff to have shown, and might have been established if objection had been taken at the trial." (*Lee* v. *Schmidt,* 1 *Hilt.* 537.)

*By the Court,* JOHNSON, J.   The action was commenced in a justice's court, to recover the price of goods sold and delivered upon credit.   The complaint alleged that the plaintiffs, on or about the 17th of December, 1870, at the defendant's instance and request, sold and delivered to him one half chest of tea of fifty-three pounds, at ninety cents per pound, which price the defendant agreed to pay in thirty days. . The defendant appeared, on the return day of the summons, and answered, denying each and every allegation of the complaint. . The cause was adjourned, and on the adjourned day the defendant did not appear, and the plaintiffs proceeded to trial in his absence. The plaintiffs were shown, upon the trial, to have been merchants, doing business in the city of Utica.   There is no evidence in the case to show where the defendant resided, except what may be inferred from a receipt for the property, given by an agent of the New York Central Railroad Company, in which, under the head of " articles," is " D. Parks, Camden, N. Y., R. W. & O: R. R."   This receipt is dated December 19, 1870, at " Utica Station," and is signed " W. N. Weaver, agent."   This receipt is the only evidence of the delivery of the property, or of its shipment to the defendant; except the general expression of one witness, that " tea was shipped to defendant," and of another, that " tea was sent by rail, I think."  The receipt was shown to be in the handwriting of the agent " Weaver," and to have been received by the plaintiffs, on the delivery of the tea to the railroad company.   The bargain between the plaintiffs and the defendant, was proved

Everett *v.* Parks.

by one Miles, their agent, who testified that he sold the tea to the defendant, at the price of ninety or ninety-five cents per pound, and that it was to be paid for in thirty days; that he did not deliver it, but sent an order for it to the plaintiffs, and it was shipped to the defendant. There is not a particle of evidence in the case to show any agreement about the delivery of the property, by the plaintiffs to the defendant, or as to the manner in which, or the time when, it was to be made; or that the defendant ever received it; or that he knew that it had been, or was to be, delivered to the railroad company, for him. In the absence of some order, or agreement, on the part of the defendant to have the property sent to him by railroad, or of some evidence in regard to usage, or the course of trade, from which an agreement, to have it so sent, might be inferred, a delivery to the railroad company was no delivery to the defendant. It might as well have been delivered to any other stranger, for the purpose of charging him. And without some such evidence, the receipt of the railroad company, by its agent, which was used in evidence, was no evidence against the defendant, that the property had been received by the company on his account. Before the receipt could be made evidence to charge the defendant, it was necessary for the plaintiffs to show that they were authorized by the defendant to send the property to him by that railroad company. As the defendant did not appear upon the trial, it was incumbent on the plaintiffs not only to prove a delivery of the property to the defendant personally, or to some person designated by him to receive it on his account, but to prove it by competent and proper evidence; and if they failed in either respect, the defendant may take advantage of the error, on appeal. (*Northrup* v. *Jackson*, 13 *Wend.* 85. *Squier* v. *Gould*, 14 *id.* 159. *Warnick* v. *Crane*, 4 *Denio*, 460. *Perkins* v. *Stebbins*, 29 *Barb.* 523.)

The plaintiffs' counsel seeks to avoid the difficulty in

regard to the proof of delivery, by urging that it was wholly immaterial, inasmuch as the contract, being for the sale of goods of the value of less than $50, did not come within the statute of frauds, and was therefore valid and binding without any delivery of the property. But the answer to this is, that the complaint was for goods sold and delivered, and without proof of delivery the cause of action stated in the complaint, and upon which issue was taken, was not made out. Had there been no evidence in respect to a delivery, the judgment should have been reversed for that reason, as the defendant did not appear on the trial, and waived nothing.

Both the judgment of the justice and of the county court, affirming the same, must therefore be reversed.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, March 5, 1872, *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]