# N. Y. COMMON PLEAS.

## HENRY F. PULTZ agt. GEORGE S. DIOSSY.

### *Appeal — Judgment by default.*

Where, in an action in a district court, the defendant appeared and joined issue, the cause being adjourned, and upon the adjourned day the defendant failed to appear, the plaintiff took judgment by default:

*Held,* that an appeal would lie to the general term of the common pleas to reverse the judgment upon error.

In such a case the plaintiff, though the defendant failed to appear upon the adjourned day, is bound to establish his cause of action by evidence, and if he has not done so the judgment will be reversed.

Nor is a defendant, in such a case, required to make a motion in the court below to open the default, as such an application is made to the favor of the court and is one in which conditions may be imposed; but if the judgment was rendered without sufficient evidence to warrant it, the defendant has the right to have it reversed by an appeal to the tribunal that has the authority to review it.

*Special Term, April,* 1877.

THIS action was brought in the first district court of the city of New York.

On the return day, when the defendant answered in the court below, the action was adjourned by common consent. On the adjourned day the defendant was in court with his attorney and witnesses ready for trial. The plaintiff asked for and obtained an adjournment. On the adjourned day the defendant was again in court with his attorney and witnesses ready for trial. The plaintiff again applied for and obtained an adjournment. On the next adjourned day the defendant was sick and unable to attend court; this was stated to plain-

Pultz agt. Diossy.

tiff and the court, and an affidavit made and an adjournment applied for by defendant's attorney on that ground, which was denied, and plaintiff entered a judgment by default.

Defendant applied to the court below to have the default opened, and to try the cause there, which application was resisted by plaintiff. The default was opened by the court on condition that defendant pay plaintiff ten dollars costs.

The defendant has duly appealed to the general term of this court, from the judgment entered against him for sixty-nine dollars, in the first district court, on the ground that no evidence whatever was given in the court below to warrant or support the judgment.

The plaintiff now moves to dismiss such appeal, on the ground " that no appeal lies from a judgment taken by default, and also that the defendant, appellant, obtained all the relief under the order opening his default in the court below that he could be entitled to on the appeal if successful.

DALY, *C. J.*—A judgment by default from which no appeal will lie, is one where the defendant neglected to appear at all, a judgment under such circumstances being regarded as equivalent to a confession of judgment ; and the only remedy which a defendant has in such a case is a motion to the court to open the default, which is a motion to the favor (*Maltby* agt. *Green*, 3 *Abb. Ct. App. Dec.*, 147 ; *Adams* agt. *Oakes*, 20 *Johns.*, 284, 285). By the Code, an appeal would lie to this court from a judgment where the defendant failed to appear before the justice, if he excused his default and showed that manifest injustice had been done, which had to be established by affidavits served with the notice of appeal. If the defendant, however, appeared, and put in an answer upon which the cause was adjourned to a future day, and he failed to appear upon that day, no appeal would lie to open it as a default, it not being a case in which the defendant, in the language of the Code, " had failed to appear " ( *Wilde* agt. *N. Y. and Harlem R. R. Co.*,

Pultz agt. Diossy.

1 *Hilt.*, 302 ; *Dunker* agt. *Latchman,* 1 *E. D. Smith,* 410 ; *Edwards* agt. *Doe,* 2 *id.,* 56 ; *Story* agt. *Bishop,* 4 *id.,* 423).

In such a case, however, an appeal will lie to reverse the judgment for error, and it will be reversed if it appears by the return that it was not warranted by the evidence (*Hunt* agt. *Westervelt,* 4 *E. D. Smith,* 225 ; *Story* agt. *Bishop, id.,* 423 ; *Teas* agt. *Christie,* 2 *id.,* 638).

It is not necessary to consider whether the power given by the statute (*chap.* 484, *p.* 975) has abrogated the power of this court to open judgments upon default by appeal where the default is excused, and it is shown that manifest injustice has been done, as this is not the kind of judgment by default in which the defendant failed to appear, which is considered as equivalent to a confession of judgment ; but one in which he did appear and joined issue, and upon which an appeal would lie to reverse the judgment upon error, as in such a case the plaintiff, though the defendant failed to appear upon the adjourned day, is bound to establish his cause of action by evidence, and if he has not done so the judgment will be reversed.  There is no ground, therefore, for a motion at the special term to dismiss the appeal, because the defendant failed to appear on the adjourned day to try the issue ; nor in such a case is a defendant required to make a motion in the court below to open the default, as such an application is made to the favor of the court, and therefore one in which conditions may be imposed ; but if the judgment was rendered without sufficient evidence to warrant it, the defendant has the right to have it reversed by an appeal to the tribunal that has the authority to review it (*Howard* agt. *Brown,* 2 *E. D. Smith,* 247 ; *Alburtis* agt. *McCready, id.,* 39 ; *Everett* agt. *Parks,* 62 *Barb.,* 9, 15 ; *Northrup* agt. *Jackson,* 13 *Wend.,* 85).

The motion to dismiss the appeal, therefore, must be denied.