## Hallett *against* Wylie.

In an action of *debt*, for *rent*, due on the lease of a house, it was held, that the destruction of the premises by fire, would not excuse the lessee from the payment of the rent, according to his covenant.

THIS was an action of *debt* for one year's rent, due the 1st *May*, 1805. The defendant pleaded *nil debet.* The cause was tried before Mr. Justice *Livingston*, at the *New-York* sittings, in *December*, 1806. Upon the trial, the plaintiff produced a deed or " memorandum for a lease, between *Elizabeth Hallett* and *Henry Wylie*, merchant, of the city of *New-York*, made and entered into the 26th of *February*, 1804," by which the plaintiff agreed to let on lease to the defendant, for the term of four years from the first day of *May*, then next, the house, &c. for 260*l.* per annum, payable quarter-yearly, the first payment to be made on the 1st of *August*, 1804. All taxes and assessments were to be paid by the defendant, who was to keep the internal part of the premises in good and sufficient repair, without pulling down or altering any part thereof, and to conform to such regulations for cleansing the premises, as the corporation of the city should direct, &c. And the defendant, on his part, agreed to take the premises on the said terms and conditions : and for the true performance thereof, the parties thereunto subscribed their hands, and affixed their seals. The due execution of the deed was admitted ; and that the defendant had entered and occupied the premises under it. The house, except the walls, was consumed by fire, on the 21st of

*December*, 1804, and thereby rendered unhabitable, against the will of the defendant. The walls were so injured by the fire, that they required repair, before the house could be made tenantable. The plaintiff, though she had notice of the effect of the fire, did not repair the house; and the defendant has never occupied the premises since the accident. Upon these facts, the jury, under the direction of the judge, found a verdict for the amount demanded, in the declaration of the plaintiff, with damages for the detention of the debt, subject to the opinion of the court, whether the plaintiff, on the above facts, was entitled to recover, and with liberty to either party, if dissatisfied with the judgment of the court, to turn the case into a special verdict.

*Harison*, for the plaintiff, said, that he considered the law as so clearly settled, on the question made in this case, that he should content himself with citing a few authorities to the court. *Alleyn*, 27. *Strange*, 763. *Ld. Raym.* 1497. 1 *Term*, 311. 705. 3 *Anstruther*, 687.

*Colden* and *Hoffman*, contra. The strict principle of law, that where there is an express covenant to pay rent, the party must perform the covenant, though the premises are destroyed by fire, is not denied. The rule is generally admitted to be a rigid one, and the present case is certainly very hard on the defendant. The court will, therefore, feel disposed to lean against the application of the rule, unless the plaintiff shows most clearly and unequivocally, that here is an express covenant to pay the rent.

In all the cases cited, there was an express covenant to pay the rent during the term. Here is no lease, but only a *memorandum* for a lease:* And though there is a reservation of rent, the paper contains no express covenant to pay it. It is a general rule, founded in reason and equity, that where the thing is destroyed without any fault of the tenant, the rent shall abate; unless there be a special covenant to pay the rent.† In the case of *Brown* v. *Quilter*,‡ Lord *Northington*, Ch. observed, "that the justice of the case was so clear, that a man should not pay

ALBANY,
Feb. 1808.

Hallett
v.
Wylie.

* 1 *Term*, 735. 5 *Term*, 163.

† 6 *Bac. Ab.* 49, 50. *Rent.* (M.2.)
‡ *Ambler*, 619.

rent for what he cannot enjoy, and that occasioned by an accident which he did not undertake to stand to, that he was much surprised that it should be looked upon as so clear a thing, that there could be no defence to such an action at law; and that such a case should not be considered as much an eviction, as if it had been an eviction of title; for the destruction of the house was the destruction of the thing."

Again, in this agreement there is a covenant on the part of the lessee, that he will repair the internal part of the house; and if a covenant is to be raised by implication against the defendant, to pay the rent, it is fair to imply a covenant on the part of the plaintiff, to repair the external part of the house; and the jury have found that he has refused to make any such repair. It would be impossible to repair the inside, until the external walls were rebuilt. There is, then, a condition precedent to repair the external walls, to be performed by the plaintiff.

*Harison*, in reply. There is no peculiar hardship in this case. The defendant must have known the rule of law, and should have protected himself by the terms of his lease. It is a calamity to be borne by both parties. The plaintiff loses his property, and the defendant the use of the house. The agreement was not to execute a future lease, but was a present contract, under which the defendant took possession of the premises. There is no ground for an implied covenant on the part of the plaintiff. In cases where the lessee covenants to repair, accidents by fire excepted, it never has been imagined that the lessor, by any implied covenant, was bound to repair, in case the premises were destroyed by fire. And if there were any covenant implied, it must be an independent covenant. In the case of *Hare* v. *Groves*,* Chief Baron *Macdonald* recognizes the rule of law, as laid down in the cases which have been cited, and seems disposed to adopt it in equity, considering the ground of Lord *Northington's* opinion as very questionable.

* 3 *Anstruther*, 687.

VAN NESS, J. delivered the opinion of the court. This is a hard case upon the defendant; and if the court could, consistently with settled and established principles, relieve him against the payment of the rent in question, we should most willingly do it. But it cannot be done, without overturning a series of decisions, to which this court is bound to conform. We sit here "*jus dare*," not "*jus facere*." We think it may safely be said, that there is not a case in the books, where the destruction of the demised premises by fire, has been held to excuse the tenant from the payment of the rent on an express covenant; but, in every case, where a defence on that ground has been attempted, it has failed. (2 *Str.* 763. *Monk* v. *Cooper.* 2 *Ld. Raym.* 1477. *Alleyn*, 27. *Paradine* v. *Jane.* 1 *Term*, 705. *Doe* v. *Sandham.* 3 *Burr.* 1638.) The law on this point has, in one of the late cases in *England*, been considered so fully established, that the court would not even hear an argument respecting it. (1 *Term*, 310.) We have found but one case, and that was in chancery, where the law on this subject has ever been doubted. But there the circumstances were special, and presented a case different from those to which the general rule has been applied. (*Ambler*, 619. *Brown* v. *Quilter.*)

On the argument, the counsel for the defendant admitting the general rule to be against them, endeavoured to take this case out of it. It was said, that the writing upon which this suit is brought, is not a lease, but a mere agreement for a lease, and that even if it were the former, it contained no express reservation of rent. Whether this contract is to be considered as a lease, or only an agreement for a lease, must depend upon the intention of the parties, to be collected from the whole of the instrument. (1 *Term*, 735. *Goodtitle* v. *Way*, 5 *Term*, 163. *Roe* v. *Ashburner*.) There is nothing in it to show that the parties contemplated any further assurance. The words made use of, imply a present demise, and the fact of the defendant's entry under the agreement, and continuing in the occupation of the house,

&c. from *May* to *December,* when the fire happened, is strong evidence to show, that in the understanding of the parties, it was, in fact, a lease ; and the period for which the premises were demised, as well as the terms upon which they were to be held, are definitely and accurately stated. Nothing, in our opinion, can be clearer, than that this is, to all intents and purposes, an executed contract. If the defendant had filed a bill for a specific performance, there can be no doubt, that the chancellor would have told him, he had already the legal estate, and that he could not interfere. As to the idea that there is no express reservation of rent in this agreement, if that were necessary, the defendant's counsel are certainly mistaken in point of fact. The premises are demised " *at the rent of* 260*l. per annum, payable* quarter-yearly, during the term of four years, the first *payment* of 65*l. to be made* on the 1st of *August*, 1804," &c. And, at the conclusion of the contract, the defendant " *agrees* to take the said house and premises, on the terms and conditions aforesaid." There is, therefore, in contemplation of law, not only an express reservation of rent, but a covenant to pay it. No particular technical words are requisite to make a covenant. Any words which import an agreement, between the parties to a deed, will be sufficient for that purpose. (1 *Burr.* 290. *Lant* v. *Norris.* *Bul. Ni. Pri.* 156. *Cro. Jac.* 399.)

There was another point made on the argument, by the defendant's counsel, which I will briefly notice. It was said, that the contract between the parties implied a covenant, on the part of the plaintiff, to rebuild the outer walls of the house ; and, that the court ought to hold the performance of that covenant, to be a condition precedent to the plaintiff's right to recover the rent. The agreement by no means implies a covenant, on the part of the lessor, to rebuild; and if it did, it will be found, on examining some of the cases before cited, that, even where the lessor was under a covenant to rebuild, in case the house should be destroyed by accidental fire, and he neglected or

refused to do so, the lessee was, notwithstanding, held liable for the payment of the current rent. The court are, therefore, of opinion, that the plaintiff must have judgment.

Judgment for the plaintiff.