## Hannah H. Davis *vs.* William H. Alden & another.

A lessee, who, on appealing from the judgment of a justice of the peace or police court in an action on the Rev. Sts. *c.* 104, recognizes, pursuant to *St.* 1848, *c.* 142, to pay all intervening rent, and all damages and loss which the lessor may sustain, by reason of the withholding of the possession of the demanded premises, and by reason of any injury done to the premises during such withholding, is liable, *prima facie*, and in ordinary cases, to pay rent at the rate reserved in the léase, until the recovery of possession by the lessor, although the buildings on the premises be meanwhile destroyed by fire; and is responsible for all waste, actual and permissive, and for all losses, including the destruction of the building, if not proved to have been caused by inevitable accident.

ACTION OF CONTRACT on a recognizance, entered into by Alden as principal, and the other defendant as surety, before the police court of New Bedford, reciting the recovery of judgment by Davis against Alden, in said court, on the 12th of January 1852, for the possession of a certain building or store in Fairhaven, and for costs of court, and an appeal by Alden from said judgment to the next court of common pleas; and conditioned that Alden should prosecute said appeal to final judgment, and " pay all rent now due, and all intervening rent and costs; and also pay all damages and loss which said plaintiff may sustain, by reason of the withholding of the possession of said premises,

and by reason of any injury done thereto during such withhold·ing, together with all costs until the restitution of the possession thereof to the complainant," in case said judgment should be affirmed.    The action, in which the recognizance was given, was commenced on the 29th of December 1851, and terminated on the 20th of October 1853, by a judgment of this court in favor of the plaintiff.

At the trial in the court of common pleas, before *Sanger*, J. of this action upon the recognizance, it appeared that Alden had occupied the building under a sealed lease from the plaintiff, for three months, which expired on the 16th of December 1851, and which contained no stipulation for an abatement of rent in case of destruction of the building by fire.    It also appeared that Alden continued to occupy the building, after the termination of the lease ; and the plaintiff offered evidence tending to show, that, pending the appeal, and during such occupation, namely, on the 1st of May 1852, the building was destroyed by fire, but did not prove that the fire was occasioned by any wrong or negligence of Alden ; and claimed this loss under the recognizance.    But the judge ruled " that such a loss could not be proved as damages, under the recognizance."

The plaintiff also offered evidence of the value of the premises during the time of the withholding.    But the judge ruled " that the rent of the building could only be recovered from December 16th 1851, to the time of the burning of the store ; and the rent of the premises, without the building, up to October 20th 1853."

The jury returned a verdict accordingly, and the plaintiff alleged exceptions to these rulings.

*T. M. Stetson*, for the plaintiff.

*E. L. Barney*, for the defendant.

SHAW, C. J.    This is an action of contract founded on a recognizance, given on an appeal by the principal defendant from a judgment for possession, rendered in a summary proceed·ing before a magistrate on that part of Rev. Sts. *c.* 104, respect·ing landlord and tenant.    The appeal was determined by a judgment of this court, in favor of the plaintiff.    In the mean

time, a building standing on the demised premises was burned down.

The case comes before this court on exceptions taken by the plaintiff to the directions of the court of common pleas, in regard to the measure of damages. The substance of the recognizance is stated in the exceptions, and we suppose it is in common form. By the Rev. Sts. *c.* 104, § 10, the provision is, that if the defendant shall appeal, he shall recognize to the plaintiff, with surety, " not only to enter the action, but also to pay all rent then due, and all intervening rent, damages and costs ; " to be recovered on *scire facias,* or in an action of debt. This is modified by *St.* 1848, *c.* 142, requiring the defendant, in case he shall appeal, to recognize to the plaintiff, " not only to enter the action, but also to pay all rent then due, and all intervening rent and costs ; and also to pay all damages and loss which the plaintiff may sustain, by reason of the withholding of the possession of the demanded premises, and by reason of any injury done thereto during such withholding, together with all costs, until the restitution of the possession, in case the judgment from which the appeal is made shall be affirmed."

In the present case, the judge ruled, that the rent of the building could only be recovered from the 16th of December 1851, to the time of the burning of the store; and the rent of the premises, without the building, to the 20th of October 1853, the time of final judgment and restoration of the plaintiff to the possession.

The policy, upon which these provisions concerning the relations of landlord and tenant are founded, is plain and obvious. The landlord and tenant process commenced with *St.* 1825, *c.* 89, and was included in the Rev. Sts. *c.* 104, combined with the provisions in regard to forcible entry and detainer, to which it bears a considerable analogy. The grievance intended to be remedied was felt to be a heavy one, especially in large towns, where many tenements, and even many large and valuable estates, are let on short terms for years, or to tenants at will. Irresponsible tenants would thus get possession of estates ; and upon the expiration of their terms, or upon notice to quit, and

neglect or refusal to pay rent, the landlord's only remedy was by writ of entry, which, taking the usual course of an action at law, would be attended with delay, and thus defeat an owner, having an unquestionable right to present possession, from either enjoying his estate, or having any adequate remedy for the accumulating arrears of rent. To avoid this mischief, the statute provides for a summary hearing upon short notice, upon the right of present possession only, without touching the title or right of property. But however plain and clear the right of the plaintiff to possession may be made, upon the proofs, even if there be no color of defence, all which the magistrate can do is to render a judgment for the plaintiff. But the defendant may insist upon his constitutional right to a trial by jury; and the law, respecting that right, very properly allows him an appeal to a court of record, sitting with a jury, where such trial may be had. But it seems right, and the law substantially provides, that he shall have this appeal, on the terms of fully indemnifying the plaintiff, in case it shall be ascertained, by the final judgment, that he has all along been a wrongdoer, and, under color of exercising a legal and constitutional right, has been holding the plaintiff out of his possession. Taking this to be a remedial statute, and its scope and object as above stated, the rule of construction is obvious; it is to be expounded, where there is any room for construction, in such manner as most effectually to suppress the mischief and advance the remedy.

With these views of the statutes, the latter being manifestly intended, if not to enlarge the provisions of the Rev. Sts., at least to carry out more fully and clearly the provisions for a full indemnity to the landlord, the court are of opinion that the direction of the judge, that the full rent of the premises could only be recovered to the time of the fire, and that no rent for the building afterwards could be recovered, was incorrect. The law, regarding the defendant, by the final judgment against him, as a wrongdoer, binds him to pay all rent, due at the time, and all rent which may accrue during the pendency of the appeal. By intervening rent, we understand the rent at the rate reserved, *prima facie*, and in ordinary cases. Possibly there may be

some exception, as when the defendant, after a fire or other destruction of the premises, should voluntarily offer to abandon his appeal, let judgment go against him, and surrender the pos· session. There is a provision, in the Rev. Sts. *c.* 104, § 11, that upon a plea of title certified frivolous, the plaintiff may recover double the yearly *value* of the premises; and when rents are rising, the yearly value may greatly exceed the rent reserved.

It is argued in behalf of the tenant, as the rule of law, that a tenant is not liable for rent after the buildings on the premises are burnt. The first suggestion we make in answer is, that the rule applicable to this case of an adverse and wrongful holding is not like the obligation arising from an express or implied contract, or the equitable duty upon a *quantum meruit* for use and occupation.

But further, we take the rule of law not to be as stated; but where there is a demise of land with a building on it, and there is no stipulation for an abatement of the rent in case the building is burnt, the demise is of the premises, and if the lessee continues to hold, the full rent is due; and equity will not interfere with an action at law for its recovery. *Baker* v. *Holtpzaffell,* 4 Taunt. 45. *Holtzapffel* v. *Baker,* 18 Ves. 115. *Hallett* v *Wylie,* 3 Johns. 44. *Fowler* v. *Bott,* 6 Mass. 63.

The law, and the recognizance pursuant to it, further bind the tenant " to pay all damages and loss which the plaintiff may sustain, by reason of the withholding of the possession of the demanded premises, and by reason of any injury done to the premises during such withholding." Under these clauses, the court are of opinion, that the defendant is responsible for all waste, actual and permissive, and for all losses, which may have happened from negligence, and want of skill and careful man· agement, on the part of the tenant. It is not for the tenant to stand in a hostile attitude on the premises, and hold the owner out, and, in case of loss by fire, to say that it cannot be proved to be attributable to any neglect of his. He has no ·ight to say that if the owner had been in possession, there would not have been more care and better management in the occupation of the premises, by which the loss would have been avoided. We of

Davis *v.* Alden & another.

course except, from this class, all losses by fire or otherwise, occasioned by the act of God or a public enemy. These are manifestly causes of loss which no tenant could obviate. Possibly another class of losses may be excepted, where the loss is proved to have arisen from a fire commencing at a distance, which in its progress should envelop the premises in a general conflagration, and when it would be susceptible of proof that the fire originated and extended from causes over which the defendant could have no control. If it were so, the burden of proof would be on the defendant to show, that the loss was caused by inevitable accident. But of this we have no occasion to express a decisive opinion, because the present case finds only that it was not proved that the store was burnt in consequence of any negligence or wrong of the defendant.

Two cases were cited by the defendant in his argument, to show that such damages cannot be recovered. But they are not applicable. In *Braman* v. *Perry*, 12 Pick. 118, the question was, whether rent was to be computed as damages, in the judgment on the original complaint; and the court said no; the plaintiff's remedy was by an action of debt on the recognizance. In *Bartholomew* v. *Chapin*, 10 Met. 1, the court held that, under Rev. Sts. *c.* 104, § 10, unliquidated and collateral damages could not be recovered, but only the rent reserved in the lease; and referred to the use of the term damages, in former statutes requiring a recognizance on appeal. But this decision was before the statute of 1848, *c.* 142, which includes in terms all damages and costs which the plaintiff may sustain, by reason of the withholding of the possession, and by reason of any injury done to the premises, in the mean time.

The court are of opinion that the plaintiff was entitled to recover the reserved rent down to the time of the recovery of possession; and that, under the circumstances stated in the bill of exceptions, he was also entitled to recover the value of the building burnt; and that the jury should have been instructed accordingly.          *New trial ordered in court of common pleas.*