WAINSCOTT and Wife *v.* SILVERS.

If, on an executed sale of real estate, it be agreed by parol that the vendor shall retain the possession for a given time, he stands, while so occupying, so far as liability for the destruction or injury of the property is concerned, in the relation of a tenant to the vendee.

The tenant is not answerable, in the absence of an express agreement, for the destruction, by accidental fires, of buildings occupied.

In a judgment for the money due upon a mortgage, where it is payable in installments, and for the sale of the mortgaged property, it should appear that the Court made the inquiry whether the mortgaged land could be sold in parcels, before ordering the sale of the whole.

APPEAL from the *Switzerland* Court of Common Pleas.

*Saturday, December* 17.

HANNA, J.—*Silvers* sued on a note, and to foreclose a mortgage.

The paragraphs of the answer which it is material to notice are the second, third, fourth, sixth, and seventh.

The second averred that the plaintiff and defendant,

*Wainscott*, made an agreement, on the 11th of *November*, 1856, by which the plaintiff sold, and the defendant purchased, certain real estate, and the appurtenances, for 2,000 dollars, of which 1,000 dollars was, on that day, paid down, and the note sued on, and another of like amount, executed for the balance (and a deed executed to the defendant), and the mortgage made to secure the payment thereof; that plaintiff was to deliver possession of said premises and appurtenances on the first day of the next *March*, "in as good repair as they then were;" that there was a dwelling-house, at the time of the contract, on said land, in possession of said plaintiff, of the value of 600 dollars; that the same was, whilst so in the possession of said plaintiff, by his carelessnes suffered to be consumed by fire.

To this there was a reply in denial.

The third paragraph is similar to the second, except that it does not aver any carelessness in the plaintiff in suffering said house to be consumed by fire. It also avers that the plaintiff had not built another house, &c., nor compensated the defendant, &c.

The fourth is similar to the third paragraph, except that it avers the house was destroyed by fire, in *January*, 1857, whilst under the sole control of the plaintiff.

A demurrer was sustained to the third and fourth paragraphs, because the facts stated were not sufficient.

The defendants filed a sixth paragraph to their answer, similar to the fourth, except that they aver therein that "at the time of making said contract of sale, and as a part thereof, it was agreed and stipulated, by parol, that plaintiff should retain the possession of said premises, house, and barn," &c., "from said *November* 11, 1856, until said first of *March*, 1857, at which time full and peaceable possession was to be delivered to defendants, of said premises, house, barn," &c., "in as good order, and in the same situation they then were," &c.; that in consideration of said promise, &c., said notes were executed, &c.; and it is further averred that "the plaintiff did not deliver up said premises," &c., "to defendants, on the first of *March*, 1857, in as good condition," &c., "as they were on the 11th of

*November*, 1856; nor could he, on account of the burning of said house, without rebuilding the same, which he did not do;" therefore, the consideration had failed, &c.

Demurrer filed; the causes assigned were that the agreement set up in said sixth paragraph was for the sale of real estate, and, being by parol, was void; that a contemporaneous parol agreement is thereby attempted to be set up to vary a deed, &c. The demurrer was sustained.

The defendants filed a seventh paragraph to their answer, in which they aver the purchase of the land, &c., the execution of the deed, mortgage, and notes, as in the sixth paragraph; but do not aver that it was a part of the contract of sale that the plaintiff was to retain possession, but aver that, at the time of the sale and conveyance, the plaintiff requested permission to remain in possession of said premises, &c., until the first day of *March*, 1857, and the defendants consented that he might, on condition that he would, on said first day of *March*, deliver said premises, &c., in the same condition and plight that they then were, which was agreed to, but which agreement was broken, &c., and damage sustained, &c., which is set up by way of counterclaim, &c.

There was a demurrer also sustained to this paragraph.

The only errors assigned, which we can notice, are, first, in reference to the ruling of the Court upon the demurrers; and, second, in regard to the form of the judgment.

We are not directly informed by any of the pleadings whether the defendants were ever put in possession of the premises purchased. The sixth and seventh paragraphs will be hereafter noticed in reference to this point.

It is insisted, in argument for the appellants, that, under the circumstances of this case, it was the duty of the vendor to deliver the property, at the stipulated time, in the condition it was in at the time of the purchase; and that he was responsible for the deterioration in value whilst in his hands, whether the same resulted from his negligence or not.

In controverting this proposition, several counter ones are advanced:

*First.* That the agreement, being contemporaneous with the execution of the deed, should have been incorporated into it, to make it binding.

*Second.* That the agreement was by parol, and, therefore, void.

*Third.* That if the agreement was binding, no liability would attach, unless in case of gross negligence.

*Fourth.* That no injury could result to the appellants by sustaining the demurrer to the third, fourth, sixth, and seventh paragraphs of the answer, which would entitle them to a reversal of the case; because all the facts which, by law, they were entitled to give in evidence, could have been so given in under the second paragraph.

*Fifth.* That the defense attempted to be made by way of counterclaim, cannot be so set up.

Without attempting to decide upon each of the abstract propositions advanced, we will proceed at once to the main question. Ought the several demurrers to have been sustained?

We are of opinion the objection was well taken to the third, fourth, and seventh paragraphs of the answer, for the reason that they disclosed a sale of the lands—an executed contract; and by the agreement therein attempted to be set up, by which the vendor continued in possession, we understand the same to affect the parties as landlord and tenant, and that the rules of law applicable to such should control in this case, so far as a defense is made by those paragraphs. Whether possession was ever actually delivered to the purchaser or not, is not material; for the absolute deed in fee gave the right of possession, and the agreement thereafter made by the vendor, placed him in the position of a tenant, as before stated.

The law as between landlord and tenant, we understand to be, that the tenant is not responsible for buildings accidentally burned down, during his tenancy, unless he has expressly covenanted, or agreed, to repair. It is not sufficient to charge him, that he agreed, or covenanted, to surrender the premises, at the end of his term, in the same repair or condition they were in at the time of the contract.

*Trigg* v. *Hally*, 4 Humph. 493.—*Graham* v. *Swearingin*, 9 Yerg. 276.—*Maggort* v. *Hausberger*, 8 Leigh, 532.— *Fowler* v. *Bott*, 6 Mass. R. 63.—*Ellis* v. *Welsh*, *id.* 246.— *Hallett* v. *Wylie*, 3 Johns. 44.—*Warner* v. *Hitchins*, 5 Barb. 666.

As to the sixth paragraph of the answer, if it is to be viewed as an attempt to set up, in defense, a verbal agreement contemporaneous with the execution of the deed, it would be bad under the decision in *Chapman* v. *Long*, 10 Ind. R. 465. It could only be obligatory, to any extent, by being afterwards recognized and acted upon by the parties. This would, in effect, make it a new contract, as to possession, and subject it to the same rules of law governing the defenses attempted to be set up in the other answers. The demurrer was, therefore, correctly sustained to it.

There was a trial of the issues of fact; verdict and judgment for the plaintiff for the money then due, and that the mortgage be foreclosed, &c.

There was an objection to the form of the judgment, which is well taken. It does not appear of record that the Court made the proper inquiry, and passed upon the question, of whether the property could be sold in parcels, it appearing that the purchase-money was payable by installments, and secured by the same mortgage. See *Cubberly* v. *Wine*, at this term (1).

*Per Curiam.*—The judgment is reversed, and the Court directed to make that inquiry, &c.

*E. Dumont*, for the appellants.

*S. Carter*, for the appellee.

(1) *Ante*, 353.