## GODDARD *v.* BEBOUT ET AL.

CONTRACT.—*Consideration.*—*Liability for Building Destroyed by Fire.*—In January, 1867, A. owned certain land and a building thereon, and at that date sold the same to the trustees of a church, reserving by an instrument in writing the use and possession of the building until March 1st, 1867.   Before the 1st of March, the trustees sold the building to B., and contemporaneously therewith A., as principal, with C. (one of the trustees of the church) as his surety, made a contract in writing with B., whereby A. and C. agreed to deliver to B. the building, "in as good condition" as it then was, at such time as A. and C. might choose, before the 1st of March, 1867.   After the sale, and before the 1st of March, the building was destroyed by fire.   B. sued A. and C. on their agreement, for the value of the building, alleging a failure to deliver in as good condition, etc.

Goddard *v.* Bebout *et al.*

*Held,* that there was a sufficient consideration to support the agreement; that the terms of the contract rendered A. and C. liable for the non-delivery of the building, although it was destroyed by fire without their fault.

SAME.—The terms of a contract cannot be varied by a mere allegation of the intention or object of the parties.

APPEAL from the Rush Circuit Court.

DOWNEY, J.—Suit by the appellant against the appellees, on the following instrument of writing:

"RUSHVILLE, February 2d, 1867.

"We agree to deliver up to James R. Goddard a certain stable and other buildings on a lot near the Christian church, in Rushville, Indiana, in as good a condition as it now is, at such time as we may choose, between this date and the 1st day of March next.    ROBERT F. BEBOUT,

"A. G. MANZY."

It is alleged in the first paragraph of the complaint that the stable was of the value of one thousand dollars; that the consideration of the agreement was that the plaintiff put the defendants in the possession of the same, and was to allow them the use of it until the said 1st day of March; that the defendants failed to surrender and deliver up the same as agreed, but allowed the same to burn down and become wholly consumed between the date of the agreement and the 1st of March following.

In the second paragraph it is alleged that, on the 2d day of February, 1867, the plaintiff sold and conveyed to the defendants a certain lot in the town of Rushville, on which were standing a certain stable and other buildings thereto attached, reserving the said stable and buildings, and the right to remove the same from the said lot, and as evidence of such reservation, the defendants executed the said agreement to him; that the defendants did not keep their promise, but failed, etc., and permitted said stable, etc., to be wholly consumed by fire prior to the 1st day of March, 1867, and have failed to rebuild or restore the same. It is alleged that the stable, etc., were of the value of one thousand dollars.

The third paragraph does not state any new fact.

The defendants pleaded, first, a general denial; second, want of consideration; third, that the agreement was executed for the following and no other purpose: The defendant Bebout, on the 23d day of January, 1867, being the owner of the lot, etc., together with all the buildings thereon situated, sold the same to the trustees of the Christian Church, etc., reserving unto himself by written contract, a copy of which is filed, the possession of the said premises and buildings thereon until the 1st day of March, 1867; that afterward, in February, 1867, the said trustees sold and disposed of the stable and buildings on said lot to the plaintiff in this action, with the agreement that said buildings should be used and occupied by the defendant Bebout until the 1st day of March, 1867, or be delivered at such time prior to that date as said defendant Bebout might choose; that the plaintiff, entertaining fears that he would not be put in possession of said premises on or before March 1st, 1867, and that Bebout would not use and take care of said property in a good, husbandlike manner, asked and demanded a guaranty that said premises would be delivered up, and that said defendant Bebout would not negligently or wilfully permit said buildings to be destroyed or injured; the agreement in the complaint was executed by Bebout, as principal, and Manzy, as security, for that and no other purpose; wherefore, etc.

4. That on, etc., Bebout was the owner of the lot and the buildings thereon, and in possession thereof, mentioned in the complaint; that on the 23d day of January, 1867, Bebout sold and by deed conveyed the lot and buildings to the said trustees, reserving, by written contract, a copy of which is filed with the answer, possession thereof to himself until the 1st day of March, 1867, and that on and after January, 1867, the said lot and all the buildings on the same were the sole property of said trustees; that afterward, in February, 1867, said trustees sold the buildings on said lot to the plaintiff, Goddard, subject to the reservation that Bebout was to use and have possession of said premises until March 1st, 1867,

or to be delivered prior to that time at the option of Bebout; that at the time of the sale of said buildings to said plaintiff, and for the purpose of securing to said plaintiff the peaceable possession of said buildings, and to determine the time during which Bebout should have the possession and use of the same, the defendants agreed to enter into a written obligation that the defendant Bebout would deliver peaceable possession of said buildings to the plaintiff on or prior to the 1st of March, 1867; but by a mistake in drafting the instrument, it was drafted, signed, and delivered to the plaintiff as alleged in the complaint; wherefore, etc.

The agreement referred to in the third and fourth paragraphs of the answer is as follows:

"This agreement, made this 23d day of January, 1867, between the trustees of the Christian Church, of Rushville, Indiana, and Robert F. Bebout, witnesseth that whereas the said Bebout has this day sold and conveyed, by deed of general warranty, the lot and stable buildings thereon south and adjoining the Christian church in Rushville, Indiana; it is hereby agreed by the said trustees of the said church that the said Robert F. Bebout shall have until the 1st day of March, 1867, to deliver the possession of said lot and premises to the said church.

" Witness our hands, the day and year above written.

"R. D. MANZY,

"J. W. MOCK,

"Trustees of Christian Church.

"ROBERT F. BEBOUT."

The plaintiff demurred to the third and fourth paragraphs of the answer, for the reason that they did not state facts sufficient; but the demurrers were overruled, and he excepted. He then replied by general denial to the second, third, and fourth paragraphs of the answer. There was a trial by the court without a jury, and a finding for the defendants. The plaintiff moved the court for a new trial; the motion was overruled; the plaintiff excepted; and judgment was rendered on the finding for the defendants.

The errors assigned involve the correctness of the rulings of the court in overruling the demurrers to the third and fourth paragraphs of the answer, and in refusing to grant a new trial on the motion of the plaintiff.

The third paragraph of the answer was probably intended as a special answer of want of consideration. We are of the opinion that this paragraph sets up no valid defence to the action. . Bebout sold and conveyed the lot and buildings to the trustees of the church, on the 23d day of January, 1867, reserving the possession and use of them until March, 1867. In February, 1867, the trustees sold the buildings to the plaintiff, subject to the right of Bebout to occupy and use the same until March 1st, 1867, unless he sooner surrendered the same to the plaintiff; Bebout and Manzy, the defendants, Manzy being one of the trustees, as will be seen, executing to the plaintiff the agreement on which the suit is brought, to secure to him the delivery of the buildings in as good condition as they then were in at the time designated. This agreement was executed contemporaneously with the sale of the buildings to the plaintiff, and the purchase of the buildings by the plaintiff was the consideration for the execution of the agreement. The trustees desired to sell the buildings, and Goddard agreed to purchase them upon the execution of the agreement in question, securing to him the delivery of the buildings in the condition which they were in at that time. There was a sufficient consideration for the agreement. What is said in this paragraph about the purpose for which the agreement was executed, cannot affect the case. The terms of the agreement cannot be varied by a mere allegation of the intention or object of the parties. The demurrer to this paragraph should have been sustained.

The fourth paragraph of the answer alleges a mistake in drafting the contract, by which it was made different from the contract agreed upon.

After some hesitation, we have concluded that the contract which it is alleged the parties agreed upon is materially

different from the writing. The writing requires the defendants to deliver the buildings in as good condition as they were in at the date of the contract, and by its terms would, we think, make the defendants liable for the non-delivery of them, although they might have been destroyed by fire without the fault of the defendants. This paragraph alleges that the agreement which the defendants made and intended to enter into was, that the defendant Bebout would deliver peaceable possession of the buildings to the plaintiff on or before March 1st, 1867. The demurrer to this paragraph of the answer was properly overruled.

The next question relates to the overruling of the motion for a new trial. We find no evidence in the bill of exceptions, which professes to contain all the evidence that was given, to show that there was any mistake in reducing the contract to writing. On the contrary, Mr. Manzy testified thus: "Goddard wanted some security from Bebout as to the care and delivery of the buildings, and I signed it (the contract) as security that he would take care of them and deliver them up at the time specified." And again: "Goddard was unwilling to sign the note for the buildings while Bebout occupied them, as he had the right to, under the contract with the church, until March, 1867. Bebout being irresponsible, I went his security." As the answer alleging the mistake in the contract was sustained by the court, it seems reasonable to conclude that if there had been any mistake, there would have been evidence of it in the bill of exceptions.

We think, from all the circumstances of the case, that the intention of the parties was, that the defendants should be responsible for the safety of the buildings, as well as for their delivery. The destruction of the building by fire was a contingency which the defendants might have excepted from the terms of the contract, if such had been the agreement. But they did not do so. On the contrary, the evidence tends to show that that may have been one of the dangers against which Goddard insisted upon being

secured before he would consummate the contract of purchase. It is not alleged or proved by either party whether the building was burned accidentally, negligently, wilfully, or otherwise; nor do we deem this material, under the contract into which the parties entered. We have recurred to the authorities on the subject of the liability of tenants under covenants in leases to repair and to leave the premises in good repair, etc. If these authorities are applicable to the case under consideration, the case of *Wainscott* v. *Silvers*, 13 Ind. 497, would seem to be against the conclusion which we have reached. But, after an examination of the authorities upon which that case, so far as the point in question is concerned, is predicated, and a careful consideration of the terms of the contract in question and the circumstances attending its execution, we do not think that it can control our decision in this case. We are aware that cases of this kind seem to involve some degree of hardship, but parties must be allowed to make their own contracts, and we must construe them as we think they were understood by the parties. The appellees have furnished us no brief, and the appellant no authorities.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial, to sustain the demurrer to the third paragraph of the answer, and for further proceedings.

*M. M. Ray, W. Cassady, G. H. Voss, B. F. Davis,* and *J. A. Holman,* for appellant.