SUSAN A. NEWMAN, RESPONDENT, v. ROBERT T. FRENCH AND OTHERS, APPELLANTS.

*Lease — a covenant by the lessor to repair and a covenant of the lessee to pay rent are independent covenants.*

In this action, brought to recover rent reserved by a lease containing a covenant on the part of the plaintiff to keep the buildings in good repair and condition for the purposes of the business conducted therein, the defendants served an answer admitting the execution of the lease and their entry thereunder, and alleging that one of the buildings was subsequently destroyed by fire, without

their fault, and that the plaintiff had neglected and refused to rebuild the same. The plaintiff replied, alleging that the fire originated through the gross carelessness of the defendants. Upon the trial the court directed a verdict upon the pleadings in favor of the defendants for the amount of a counter-claim set up in their answer.

*Held,* that it was error so to do as the plaintiff's covenant to repair was independent of the defendants' covenant to pay rent, and the performance of his covenant by the lessor was not a condition precedent to any liability on the part of the defendants to pay rent.

APPEAL from an order of the Monroe Circuit granting a new trial, upon a motion made upon the minutes of the judge, after a verdict ordered in favor of the defendants.

*W. H. Kenyon,* for the appellants.

*Walter F. Hubbell,* for the respondent.

HAIGHT, J.:

This action was brought to recover rent reserved by a lease of real estate to the defendants. The lease contained a covenant on the part of the plaintiff to keep the buildings in good repair and condition for the purposes of the business conducted therein. The answer admitted the lease, and that the defendants entered into the possession of the premises thereunder, but alleged that one of the buildings was subsequently destroyed by fire, without fault of the defendants, and that the plaintiff had neglected and refused to rebuild the same. The answer also contained a counter-claim, in which the defendants demanded judgment. The plaintiff's reply admitted the destruction of one of the buildings by fire, and alleged that the fire originated solely through the gross carelessness of the defendants while deliberately and willfully engaged in roasting or heating almond shells or some other equally inflammable substance, for the purpose of using the same in the business referred to in the lease, as an adulterating material, contrary to the statute in such case made and provided, and that while so engaged the defendants well knew the hazard of the same, and that in so doing there was extreme danger and great probability that the same would cause the destruction of the building by fire.

Upon the trial the court directed a verdict upon the pleadings in favor of the defendants for the amount due upon their counter-

claim, but on a motion for new trial made upon the minutes it ordered a new trial upon the ground that the plaintiff's covenant contained in the lease to repair is independent of the defendant's covenant to pay rent, and that it was error for the court to hold that the performance by the lessor was a condition precedent to any liability on the part of the defendants for rent. In the case of *Allen* v. *Culver* (3 Denio, 284) it was held that the covenants to pay rent and to repair were independent, and that the lessee was bound to pay a proportionate part of the rent on account of the buildings remaining uninjured, notwithstanding the default in rebuilding.

In the case of *Whitbeck* v. *Skinner* (7 Hill, 53), it was held, that in assumpsit to recover the rent of demised premises the tenant may avail himself of a breach of the landlord's agreement to repair by way of recoupment, though not as a set-off.

In the case of *Kelsey* v. *Ward* (16 Abb. Pr., 98), it was held, that a breach of the landlord's contract to improve or repair the demised premises, is no defense to his demand for rent; that it was available only by way of counter-claim or in a cross-action.

In the case of *Speckels* v. *Sax* (1 E. D. Smith, 253), it was held, that although the terms of a lease bind the landlord to repair, his neglect to do so will not authorize the tenant's abandonment of the demised premises, unless by the terms of the agreement the repairs were made a condition precedent to the obligation to occupy; that the landlord's failure to repair, where he is bound to do so by his agreement with the tenant, will not amount to an eviction but only to a breach of covenant.

In the case of *Myers* v. *Burns* (35 N. Y., 269), it was held, that in an action for rent the defendant can, under a covenant of the landlord to keep the premises in repair, set up as a counter-claim the amount expended by him in the necessary repair of the premises; and also damages sustained by the loss of the use of certain parts of the premises rendered untenantable for want of repair.

In the case of *Kelsey* v. *Ward* (38 N. Y., 83), it was held that an action for rent is not barred by the failure of the lessor fully to perform his contract, where the lessee enters into possession and occupies the premises; that the remedy of the lessee is by recouping from the rent such damages as they have sustained by failure of the

lessor to fulfill his contract, or to bring a separate action for the recovery of such damages. (See, also, *Cook* v. *Soule*, 1 T. & C., 116; S. C., 56 N. Y., 420; *Hexter* v. *Knox*, 7 J. & S., 109; *Harger* v. *Edmonds*, 4 Barb., 256; *Hallett* v. *Wylie*, 3 Johns., 44.) These authorities appear to sustain the decision of the trial court in granting the motion for a new trial; where the motion for a new trial is made upon the minutes motion costs only are allowable. (3 Wait's Pr., 512.)

The order should, therefore, be affirmed, with costs to abide event.

SMITH, P. J., and BRADLEY, J., concurred.

Order affirmed, with costs to abide event.