J. H. RHOMBERG, Appellant, v. ALBERT M. ZAPF, Appellee.

**VENDOR AND PURCHASER:** Rights and Liabilities—Destruction of Buildings—Justifiable Refusal to Perform. A purchaser of real estate may validly decline to specifically perform his contract of purchase, even though he be deemed the holder of the equitable title, (1) when the buildings on the land were totally destroyed prior to the contract day for performance, and (2) when the vendor had contracted to deliver such buildings to the purchaser "*in as good condition as they are at. the date of the contract.*"

Headnote 1: 39 Cyc. pp. 1559, 1643.

*Appeal from Clayton District Court.*—JAMES D. COONEY, Judge.

APRIL 6, 1926.

PLAINTIFF appeals from a decree denying the specific performance of a contract to purchase real property.—*Affirmed.*

*Hurd, Lenehan, Smith & O'Connor,* for appellant.

*D. D. Murphy & Son,* for appellee.

STEVENS, J.—This is an action to compel the specific performance of a contract to purchase a business building in Garber, Iowa, the material provisions of which are as follows:

"That said J. H. Rhomberg, party of the first. part, has bargained and hereby sells and agrees to convey by warranty deed on or before Mar. 1, 1922, to the said party of the second part or his assigns * * * and to deliver such conveyance as aforesaid, together with abstract of title, showing perfect title of record in said first party, free from incumbrance and taxes for the year 1921 paid. First party agrees to pay the assessment of taxes for the year 1921 and further agrees for the same consideration to deliver full possession of said real estate to the second party or his assigns on or before Mar. 2d, 1922, all buildings to be delivered to said second party in as good condition as they are in at date of this contract, usual wear excepted. Second party is to have the rent beginning February 1st, 1922."

At the time the contract was entered into, the premises were occupied by a tenant, who used the same for the purpose

of conducting a restaurant. Shortly after the date of the contract, appellee orally advised the tenant that he had purchased the property, and that the rent, commencing with February 1st, would be payable to him. He also asked permission of the tenant to inspect the basement and to make measurements of a portion of the building, to determine whether a second story could be added thereto. Plans were made by him for the improvement of the front of the building and the addition of a second story.

An abstract and a deed conveying the property to appellee were tendered to him between February 16th and March 1st. The tender was refused, upon the ground that the building situated on the lots had been totally destroyed by fire on the night of February 8th. Counsel agree that, by the terms of the contract, the equitable title to the property passed at once to appellee, and that, but for the provision therein to be presently noted, the loss of the building would fall upon appellee.

The precise point upon which counsel divide is the interpretation and effect to be given the words of the contract; "all buildings to be delivered to said second party in as good condition as they are in at date of this contract, usual wear excepted," and also upon the question of fact as to whether full possession of the premises was vested in appellee immediately after the contract was executed, and prior to the fire. We shall assume that the equitable title to the property passed at once upon the execution of the contract to the appellee, but we need not decide this point. See *O'Brien v. Paulsen*, 192 Iowa 1351. Even if we assume the rule announced in the above case to be applicable here, in the absence of the provision of the contract quoted above, the destruction of the building by fire could not be relied upon as a defense to an action for specific performance. Appellant was obligated by the contract to furnish an abstract showing a perfect title, to convey the premises to appellee by warranty deed, and to deliver full possession thereof to him on or before March 2, 1922. All that appellee appears to have done was to advise the tenant that he had purchased the property, and would be entitled to the rent after February 1st, and that plans were made for improving the

building.   Waiver of the provisions of the contract is not necessarily to be implied from the above acts and conduct of appellee.   The examination of the building and the preparation of plans for the addition of a second story and the improvement of the front thereof may well have been proceeded with in anticipation of the conveyance and full possession to be delivered to him on or before March 2d.   Nothing that he did was in any sense inconsistent with his right to insist upon the full performance by appellant of the strict terms of the writing. Notwithstanding that, by the terms of the contract, the equitable title may have passed to appellee, it was permissible for appellant to covenant that he would deliver full possession of the premises to him in as good condition as they then were, usual wear alone excepted.   The intention of the parties that this be done is clearly expressed in the contract, and, unless waived, must be given effect.   Authorities are not numerous on the point; but, so far as we are advised, the holding is unanimous that, notwithstanding the fact that the equitable title had passed to the vendee, it is subject to a provision in the contract obligating the vendor to deliver the premises in good condition. *Green v. Kelly,* 20 N. J. Law 544; *Goddard v. Bebout,* 40 Ind. 114.   See, also, notes to the following cases: *Lord v. Sherer Dry Goods Co.,* 205 Mass. 1 (27 L. R. A. [N. S.] 232); *Hawkes v. Kehoe,* 193 Mass. 419 (9 Ann. Cas. 1053).   See, also, as bearing on the question, *David v. Ryan,* 47 Iowa 642; 1 Warvelle on Vendors (2d Ed.), Section 181.

The covenant to deliver the building in as good condition as it was on the date of the contract, usual wear alone excepted, was broken, and performance thereof rendered impossible, by its destruction by fire prior to the date agreed upon for the final delivery of possession or the tender of the deed and abstract.   In such case, the loss must be borne by appellant.   The authorities cited by counsel are not in conflict with this conclusion.

The judgment of the court below is, therefore,—*Affirmed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.