BRIZ-LER CORPORATION, a corporation of the State of Delaware, Plaintiff,

*vs.*

WILLIAM WEINER, ESTHER WEINER, ABRAHAM KRISTOL, PEARL KRISTOL, UNITED STATES FIDELITY AND GUARANTY COMPANY, a corporation of the State of Maryland, AGRICULTURAL INSURANCE COMPANY, a corporation of the State of New York, FIREMEN'S INSURANCE COMPANY, a corporation of the State of New Jersey, CONTINENTAL AMERICAN LIFE INSURANCE COMPANY, a corporation of the State of Delaware, Defendants.

*New Castle, September 9, 1960.*

*Thomas H. Wingate,* Wilmington, for plaintiff.

*Daniel L. Herrmann,* Wilmington, and *Leroy A. Brill,* Washington, D. C. of Herrmann & Duffy, Wilmington, for individual defendants.

SEITZ, Chancellor: Plaintiff corporation, by a conditional sales contract dated October 8, 1954, purchased real estate and personal property used therein from the individual defendants, Mr. and Mrs. William Weiner and Mr. and Mrs. Abraham Kristol ("defendants"). The property, known loosely as the "Hotel Grande" building, consisted of a night club, dining room and bar, package liquor store and hotel. Under the contract the plaintiff made a down payment and agreed to pay the balance in monthly installments over a number of years.

In December 1957 a fire destroyed the upper portion of the hotel building rendering it useless. The plaintiff continued to operate the liquor store for some time and made certain principal and interest payments. The parties disagree as to whether plaintiff left voluntarily or was constructively evicted. The insurance company finally

allowed $31,454.78 as the fire loss sustained by the parties in interest. The plaintiff's unpaid obligation was substantially more than the insurance recovery. The defendants caused more than the sum received for insurance to be applied in rebuilding the first floor of the structure. However, the hotel portion could not be restored without spending much more than the amount received from the insurance.

Passing over the legal preliminaries, the plaintiff is claiming the following:

1. Rescission of the contract.

2. An accounting.

3. An equitable lien on the property or the insurance proceeds.

The defendants deny that plaintiff is entitled to any relief although they state that they have rendered plaintiff a full accounting.

Plaintiff's basic claim is that under the terms of the contract it was not responsible for fire loss prior to complete payment. Plaintiff thus says that it should be repaid all the money paid by it on account because defendants cannot deliver the subject matter they agreed to deliver. It is true that defendants are no longer able to convey that which they contracted to sell, viz., the hotel, etc. This is admittedly so because the building inspector would not permit a mere "patch work" repair job. He required that any rebuilding be done in accordance with existing standards. Thus, to replace the existing structure would have cost many times the sum received on the insurance for fire damage. I am satisfied that at least the full amount received from the insurance was spent by the defendants on the structure but this falls far short of providing plaintiff with the "property" covered by the contract. Where does that leave the parties?

It is strange that at this stage in the development of our law the agreement involved (not drawn by plaintiff's present attorney) should fail to contain a provision governing financial responsibility in this area. There does not seem to be a Delaware authority precisely in point although some cases refer to the general principle that equity considers the purchasers to be the equitable owner. See *Ehrenstrom v. Phillips, 9 Del.Ch. 74, 77 A. 80, 81; Marvel v. Ortlip, 3 Del.Ch. 9.*

The majority view in this country holds that in the case of a contract to sell land the risk of loss is on the buyer after the date of execution, absent special circumstances or contrary provisions in the contract. See 27 *A.L.R.2d* 444. There are some states which hold to the contrary based often on the view that the destruction of the subject matter prevents compliance by the vendor. Mr. Williston criticizes the majority rule except in a situation where the vendee is given possession, which is the case here. See 4 *Williston on Contracts* (Rev. ed.), § 940.

Plaintiff, recognizing the force of the majority rule, contends that the present case is covered by a different rule because, it says, the contract to sell was conditional. It does appear that some of the cases seem to indicate that liability for loss remains with a vendor if the contract is conditional. Compare *Gallicchio v. Jarzle*, 18 *N.J.Super.* 206, 86 *A.2d* 820.

Plaintiff says the contract was conditional for at least three reasons:

1. The forfeiture clause.

2. There could be no specific performance.

3. Plaintiff could not sell the equipment without vendor's consent.

The court cannot see how the clause providing for forfeiture of all claims to the property or payments made, no matter how harsh, renders the contract conditional in any significant sense. It does not come into play at all except in the case of a default by the vendee.

Plaintiff next says there could be no specific performance and under the cases there would be no transfer of equitable title. Whatever this limitation may entail I cannot see how it applies to place the burden of responsibility for loss in the vendor rather than the vendee at least where the vendee is in possession.

Plaintiff urges that because the equipment could not be sold without defendants' permission, the control of defendants was such that "equitable" title did not pass to plaintiff. This argument is also applied to other provisions of the agreement (no assignment without

approval, limitation on type of use, etc.). I do not agree with plaintiff's argument. The provisions in question were all reasonably related to the need of the vendors to protect their security interest in this type of property.

Plaintiff next argues that the language in the present agreement "* * * with the buildings thereon erected * * *" means that defendants contracted to convey the buildings as they existed before the fire. Since the fire made this impossible, plaintiff says defendants cannot perform and thus there is a failure of consideration. Of course the parties could have inserted language in their agreement having the consequence urged by plaintiff. Compare *Rhomberg v. Zapf*, 201 *Iowa* 928, 208 *N.W.* 276, 46 *A.L.R.* 1124. The question is, did they?

■ The agreement in question provided that the defendants agreed to sell "* * * all that certain lot, piece or parcel of land with the buildings thereon erected * * *". Later in the agreement they agreed after payment to execute and deliver a deed to the premises. It is clear that defendant agreed to sell the land and buildings and agreed to execute a deed. However, there is no language in the agreement under which they agreed to convey the buildings in the same condition as at the sale date. Nor is there any language which can be fairly construed to have that effect.

I think such Delaware authority as is pertinent is consonant with the view that liability for loss in real estate between the sale date and consummation is in the purchaser. I therefore conclude that responsibility for loss during such period is in the purchaser at least where he takes possession and absent special circumstances.

■■ Plaintiff next contends that the responsibility for the loss of the personal property did not fall on it. Plaintiff argues that the conditional sales statute making the vendee in possession responsible for loss (6 *Del.C.* § 927) is inapplicable to the personal property here involved because the sale was a "package deal" of real and personal property. I do not believe the provisions in the agreement imposing conditions upon the sale of the personal property prevented the vendors from bringing the agreement within the Act. In any event, if equitable ownership of some or all of the personal property may be

said to have followed the beneficial interest in the real estate, the plaintiff is in no better position. The responsibility for such loss must fall upon plaintiff as vendee.

The parties now seem to agree that an adequate accounting has been made by defendants. If the court's impression is erroneous the plaintiff should promptly advise the court in writing of any alleged area of dispute.

Finally, plaintiff argues that it is entitled to an equitable lien on the property and proceeds. This contention falls since it is premised upon the claim that plaintiff is entitled to have its money back. I have decided to the contrary. There would seem to be no other basis upon which plaintiff is entitled to monetary relief even if it be accepted that plaintiff was not in default at the time of the fire. Certainly plaintiff was not entitled under the circumstances to have any portion of the insurance proceeds paid to it. Other arguments of plaintiff are also without merit.

The complaint should be dismissed.

Present order on notice.